

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2746*

April 20, 2021

<u>Via E-Mail and ECF</u>

The Honorable Brian R. Martinotti
United States District Judge
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, NJ 07102

        Re:    <u>United States v. Jose Torres</u>
                 Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      The United States respectfully submits this brief sur-reply to correct misrepresentations made by defendant Jose Torres in his "Reply to Government Response." D.E. 91 ("Reply"). In this, his fifth motion for bail, Torres claims that one of the two AUSAs assigned to this case is operating under a conflict of interest[1] and that the Government has made several misrepresentations. D.E. 85, 91. Neither claim is true. More importantly, neither claim squarely addresses the main issue: that Your Honor, Judge Kiel, and the Third Circuit have found that Torres presents a danger to the community and a risk of flight.

---

[1] As set forth in AUSA Sabrina Comizzoli's letters dated March 22, 2021 and April 20, 2021, the Government is aware of, and has been in compliance with, all of its ethical obligations. All of Torres' claims to the contrary rely entirely on conjecture. *See* Reply at 1-2 ("Torres opines . . ."; "Torres can only conjecture . . ."; "The question arises . . .").

1

First, Torres states in no uncertain terms that "[t]here are **no** contemporaneous police records" and that "there are **no reports** disclosed in Discovery as to any connection between Torres" and the uncharged victims (emphasis added). Despite Torres' apparent certainty, both of these statements are false. At least six of Torres' victims sought out the police immediately or soon after their encounter with Torres. Each of these police reports has been provided to Torres in discovery.² Similarly, at least ten separate reports detailing the accounts of uncharged victims and their encounters with Torres have been provided in discovery in this matter.³ If defense counsel had more thoroughly reviewed the discovery, or in the alternative if counsel had asked the Government about the police reports or the uncharged victims' reports, the Government would have pointed counsel in the direction of all of the documents it has produced. Instead, Torres brings this motion to the Court without having conferred at all with the Government and without having fully reviewed the discovery produced by the Government in this matter.

Second, in an attempt to discredit the victims as felons ("self-confessed criminal[s]" Reply at 4), Torres claims that prostitution is a felony in New Jersey. It is not. Prostitution is a disorderly persons offense. *See* N.J.S.A. S 2C:34-1(b)(8) ("A person commits an offense if the actor engages in prostitution by personally offering sexual activity in exchange for something of economic value" & (c)(6) ("An offense under subsection b. constitutes a disorderly persons offense if the offense falls within paragraph (8) of that subsection . . .).

Third, Torres claims that he himself had not been provided with discovery. Not so. Despite being under no obligation to do so, the Government has personally sent a vast majority of the discovery directly to Torres at the Essex County Correctional Center.⁴

---

[2] *See* BATES Nos. USA_TORRES_0002908R, USA_TORRES_0002957R, USA_TORRES_0003966R, USA_TORRES_0003183R. These documents are subject to a protective order entered on August 5, 2020. *See* D.E. 57. If the Court wishes to see a copy of these reports, the Government is happy to provide them under seal.

[3] *See, e.g.,* BATES Nos. USA_TORRES_0003069R, USA_TORRES_0003185R, USA_TORRES_0002905R, USA_TORRES_0002908R, USA_TORRES_0003037R, USA_TORRES_0003089R, USA_TORRES_0003074R, USA_TORRES_0003008R, USA_TORRES_0003045R, USA_TORRES_0003042R, USA_TORRES_0003181R.

[4] The Government sent discovery productions to Torres at ECCF on September 15, December 1, and December 22, 2020.

      Fourth, Torres claims that the Government asserted that Torres was involved in human sex trafficking. Again, he is wrong. The Government has never indicated, either to Torres or to this Court or any other, that Torres was engaged in human sex trafficking. In support of his statement that the Government has made "repetitive assertions that Torres was involved in "HUMAN SEX TRAFFICKING," Torres attaches internal FBI documents, which were produced to Torres in discovery. These internal agency documents contain the caption "Human Sex Trafficking." This caption reflects the investigative category which the FBI determined best fit the allegations made by Torres' victims who approached local law enforcement in July 2018. Based upon the information known to FBI at the time, including allegations that Torres was bringing numerous women from out of state to New Jersey, the FBI classified this as a human sex trafficking investigation. Nevertheless, the Government has never represented Torres as a trafficker during the course of this prosecution, and it is incorrect to claim otherwise.

      Torres' motion, based entirely on conjecture and incorrect factual assertions, should be denied.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

*Emma Spiro*

By: Emma Spiro
     Shawn Barnes
     Assistant U.S. Attorneys

cc:   David Shafer, Esq.