

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102
Direct Dial: (973) 645-2746

October 8, 2021

Via E-Mail and ECF

The Honorable Brian R. Martinotti
United States District Judge
Martin Luther King, Jr. Federal
Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    United States v. Jose Torres
                Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      The United States respectfully submits this letter in response to Defendant's September 29, 2021 letter requesting: (1) early disclosure to Torres of Protected Information; (2) an Order granting Torres additional time in the law library at the Essex County Correctional Facility ("ECCF"); and (3) an Order directing Probation to conduct a limited PSR.

      First, as to early disclosure of the discovery materials produced by the Government to defense counsel for "attorneys eyes only," the Government has no objection to defense counsel disseminating these materials to Defendant, so long as counsel adequately redacts the material to exclude all identifying information of the victims, which includes, at a minimum, their last names, telephone numbers, and any other personally identifying information. This is consistent with the Protective Order in this matter. *See* D.E. 57. As previously stated by the Government, most of the August 4, 2021 discovery was previously provided to the defense team in a redacted form. The recent production was intended to supplement the defense's understanding of the discovery, including providing unredacted 302s, identifying the victims for defense counsel only, and organizing the discovery in a manner to better aid the defense's preparation. However, due to the recent trial adjournment, defense counsel has had access

to the victims' identities for far-longer than anticipated by the Government. Torres should not be able to request last-minute adjournments in order to gain victim identifiers, contrary to the language and spirit of the Protective Order. Nonetheless, as long as the documents turned over to Torres do not contain victim identifiers (including victim telephone numbers), the Government has no objection to Torres having early access to them.

Second, the Government does not object to this Court ordering ECCF to permit Torres additional time in the law library in order to review discovery and prepare for trial in this matter.

Finally, the Government objects to this Court ordering Probation to issue a limited PSR in this matter. Torres has not been convicted of a crime at this point – so it is unclear how Probation could accurately calculate his guidelines without a conviction. The Government has consulted with Probation who made it clear that this is not routinely done.[1] Moreover, Probation does not have a procedure for conducting "limited" PSRs and would need to conduct a full investigation, including interviews, to produce a thorough PSR. Torres is attempting to utilize the Court's resources to obtain legal advice – that is, a sentencing calculation – which his defense counsel makes clear has already been done by the defense team. Therefore, the Government respectfully requests that this Court reject Torres' request for a limited and pre-conviction PSR in this matter.

Thank you for your consideration of this matter.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: *Emma Spiro*
Emma Spiro
Shawn Barnes
Assistant U.S. Attorneys

cc: David Schafer, Esq.

---

[1] In the limited instances where Probation has conducted PSRs in advance of a conviction, there was a signed plea agreement in the matter. There is no signed plea agreement in this case.