

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2746
Facsimile: (973) 645-3316

October 15, 2021

**<u>Via Electronic Mail</u>**

Honorable Brian R. Martinotti
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

        Re:    *United States v. Jose Torres*
                  <u>Criminal No. 20-418</u>

Dear Judge Martinotti:

      The defendant, Jose Torres (the "Defendant"), in the above-captioned matter has rejected the plea agreement offered by the Government, and it is the Government's understanding that he wants to proceed to trial. The United States respectfully submits this letter to request that, prior to the commencement of trial, the Court conduct an inquiry pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

      As this Court is aware, the Supreme Court in *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance. Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea

> offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id.* at 1408-09 (emphasis added).

In this case, the Government made a formal plea offer to the Defendant by letter dated April 30, 2021, which was transmitted to the Defendant's counsel, David Schafer, Esq., on or about April 30, 2021. The plea agreement expired on May 14, 2021, and since that time the government and defense counsel have engaged in numerous discussions regarding the plea offer. At this time, the Government understands that the Defendant rejected the plea agreement offered by the Government.

In light of the Supreme Court's decision in *Frye*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the Defendant from claiming that counsel failed to convey and advise him about this formal plea offer made by the Government, and to make a sufficient record that counsel fulfilled those obligations. Specifically, the Government suggests that, after the Government sets forth on the record that a formal plea offer was sent to defense counsel by letter dated April 30, 2021,[1] the Court ask defense counsel the following questions:

<u>The April 30, 2021 Plea Offer</u>

1. Did you receive a proposed plea agreement dated April 30, 2021?

2. Did you provide a copy of that proposed plea agreement to your client?

3. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. Is it accurate that your client did not accept that plea agreement, which by its terms expired on May 14, 2021?

5. Did you inform your client that he has a right to plead open to the Indictment without any plea agreement in place?

---

[1] To ensure compliance with the prohibition against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offers.

If defense counsel answers "yes" to all of those questions, the Government suggests that the Court address the Defendant as follows: I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question – nothing more.

1. Do you understand what I have just told you?

2. Did you receive the proposed plea agreement dated April 30, 2021?

3. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

4. Did you, in fact, reject the proposed plea agreement?

5. Did your attorney explain that you also have the right to plead open to the Indictment without any plea agreement in place?

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* problems without compromising or intruding upon the attorney-client relationship.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

*Emma Spiro*

By: Emma Spiro
Shawn Barnes
Assistant United States Attorneys

cc: David Schafer, Esq. (via email)
   *Counsel for defendant*