UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Brian R. Martinotti |
| | : | |
| v. | : | Criminal No. 20-418 |
| | : | |
| JOSE TORRES | : | |
| | : | |
| | : | |

**MEMORANDUM OF THE UNITED STATES
IN OPPOSITION TO DEFENDANT'S MOTIONS
TO DISMISS AND *IN LIMINE***

PHILIP R. SELLINGER
United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2742

On the Memorandum:

Emma Spiro
Shawn Barnes
Assistant United States Attorneys

iii

**INTRODUCTION**

The Government respectfully submits this memorandum of law in opposition to defendant Jose Torres's ("Torres") motion to dismiss and motion *in limine*. *See* D.E. 132. Specifically, the Government argues that (i) the Court should deny Torres's motion to dismiss because 18 U.S.C. § 2422(a) includes the prosecution of "johns" such as Torres and is not void for vagueness; and (2) the Court should deny Torres's motion *in limine* and admit the evidence of Torres's assaults both as direct evidence of the charged crimes, or, in the alternative, as evidence of "other crimes, wrongs or acts" pursuant to Federal Rule of Evidence 404(b).

**BACKGROUND**

From at least 2015 to 2019, defendant Jose Torres preyed on multiple victims by persuading, inducing, and enticing them to travel in interstate or foreign commerce to engage in prostitution and other sexual activities, often by use of force, violence, and threats. As part of this conduct, Torres trolled websites seeking commercial sex workers who he subsequently convinced to travel to New Jersey to engage in prostitution with him, on promises of large sums of money. Once the women arrived, Torres often sexually and physically assaulted them, and always refused to pay them.

The Second Superseding Indictment charges Torres with six instances of this conduct. In each of these instances, Torres contacted a victim, usually a commercial sex worker, and induced, enticed, or coerced her to travel to New Jersey on promises of large sums of money. Moreover, in each of these instances,

1

Torres manipulated the women into remaining in the room with him: either by physical aggression (*e.g.,* slapping them and/or forcing them to engage in unwanted intercourse), psychologically coercive tactics (*i.e.,* telling the victims he was a police officer or alluding to other threats), or fraudulent monetary incentives (*i.e.,* faking a wire transfer for tens of thousands of dollars).

## ARGUMENT

**I. THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE 18 USC § 2422(a) BY ITS PLAIN LANGUAGE CAN BE USED TO PROSECUTE "JOHNS"**

Torres argues that because he was a "john" and not a "pimp," U.S.C. § 2422(a) was not intended to apply to his conduct. *See* Def. Br. at 1-7. Torres's argument is based entirely on the legislative intent of the drafters of the statute. However, Torres completely misses the first step in statutory interpretation: the text itself.

The Third Circuit has conclusively determined that, in matters of statutory interpretation, "[w]here the language of the statute is clear . . . the text of the statute is the end of the matter." *United States v. Tupone*, 442 F.3d 145, 150 (3d Cir. 2006) (quoting Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001)); *United States v. Johnman*, 948 F.3d 612, 616 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1047, 208 L. Ed. 2d 520 (2021) ("As in any statutory construction case, [w]e start, of course, with the statutory text."); *see also United States v. Gonzales*, 520 U.S. 1, 2 (1997) (interpreting 18 U.S.C. § 924(c) and finding that "given the straightforward statutory command, there is no reason to resort to legislative history"); *United States v. Carter*, 421 F.3d 909,

2

911 (9th Cir. 2005) ("[A]nalysis must begin with the language of the statute itself; when the statute is clear, 'judicial inquiry into [its] meaning, in all but the most extraordinary circumstance, is finished.'").

Here, the text of the statute is clear:

> **Whoever** knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 USC § 2422(a) (emphasis added). The statute applies to "whoever," and contains no specific language limiting its application. *See Gonzales*, 520 U.S. at 2 (refusing to read a limitation into a federal statute where "there is no basis in the text" to do so); *c.f. Carcieri v. Salazar*, 555 U.S. 379, 389–90 (2009) ("[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (internal quotation marks omitted)). "Whoever" is defined as "whatever person or persons". *See* COMPACT AM. DICT., at 920; *see also* BLACK'S LAW DICTIONARY 1324 (10th ed. 2014) (defining "person" as "A human being. — Also termed *natural person.*" (emphasis in the original)). Thus, the statute clearly applies to *any* person, which of course includes Torres.

Torres, rather than admit that this language is clear—which he must—instead turns immediately to the legislative history of the statute. But this

3

Court should never even get to legislative history, as the clarity of this statute is readily apparent, as has been found time and again by federal courts. *See, e.g., Scott v. United States*, No. 1:05-CR-00443, 2015 WL 4950033, at *3 (M.D. Pa. Aug. 19, 2015), *aff'd*, 664 F. App'x 232 (3d Cir. 2016) (finding that "persuades, induces, entices, or coerces" are "ordinary terms that people of ordinary intelligence can understand" and therefore § 2422(a) is not void for vagueness); *United States v. Lee*, No. 15-CR-30134-NJR, 2016 WL 4046967, at *17 (S.D. Ill. July 28, 2016).

In *United States v. Lee*, No. 15-CR-30134-NJR, 2016 WL 4046967, at *17 (S.D. Ill. July 28, 2016), the Court explicitly addressed whether § 2422(a) applies to "johns." There, the defendant sought to dismiss that count on the ground that § 2422(a) was unconstitutionally vague as applied to him. *Id.* In particular, the defendant in *Lee* argued that he was a "john" and that § 2422(a) "was not designed to punish a john for simply patronizing a prostitute where the prostitute is an offering and ready, willing and happily abled adult prostitute [who] happens to cross state lines, between clients or for some other reason, before engaging in prostitution." The *Lee* Court conceded that the defendant "is correct regarding the original intent of the statute" in that § 2422(a) is "primarily directed" at "pimps, traffickers, and other sex abusers."[1]

---

[1] The Government also notes, as it has throughout this matter, that the conduct with which Torres is charged includes abusive behavior, including physical assault and threats. Certainly, Torres's victims view him as a "sex abuser." Nonetheless, the Court need not reach this conclusion in order to deny Torres's motions.

4

The Court nonetheless proceeded to state that "the statute can be read to apply to johns as well" and that it "does not see how the fact that no other johns have been charged with a violation of § 2422(a) means that it is unconstitutional to charge [the defendant] under that statute." *Id.* Thus, the *Lee* Court concluded that "[g]iven that the challenged clause specifically prohibits enticing individuals to travel in interstate commerce for prostitution, the Court believes that ordinary people using common sense would understand that they cannot have a person travel from another state to have sex for money." *Id.*[2]

Here, as in *Lee*, this Court's analysis should begin and end with the ordinary and clear meaning of the statute. The meaning of "whoever" is not ambiguous and is purposefully broad. *See United States v. Hite*, 769 F.3d 1154, 1161 (D.C. Cir. 2014) ("Congress is presumed to use words in the common, ordinary meaning absent contrary indication."); *see also United States v. Shill*, 740 F.3d 1347, 1352 (9th Cir. 2014) ("Congress's repeated use of the word 'any' suggests that Congress intended the statute's reach to be broad"). Because Congress purposefully used broad language, there is no doubt that it intended § 2242(a) to apply to "johns" and therefore this Court should deny Torres's motion to dismiss.

---

[2] This case stands in stark contrast to the cases cited by Torres which are either inapposite to the present case or cite to portions of the case that are not relevant. *See, e.g., United States v. Tykarsky*, 446 F.3d 458, 466 (3d Cir. 2006) (addressing the defense of "legal impossibility" and holding that "it is well established in this Court that the availability of legal impossibility as a defense to a crime is a matter of legislative intent"). While *Tkarsky* does address the vagueness doctrine, it does so without any regard to legislative intent, but rather only looking to the plain meaning of the text itself. *See id.* at 473.

5

Moreover, the language in § 2242(b) is identical to that of § 2242(a), in that they both apply to "whoever". *See* 18 U.S.C. § 2242(b) ("**Whoever**, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense . . . ") (emphasis added). Pursuant to this broad language, an array of individuals have been charged under § 2242(b), including those seeking to have sexual contact with the victim themselves. For example, in *United States v. Davis*, 985 F.3d 298 (3d Cir. 2021), the defendant answered an advertisement posted on Craigslist.com, in a section where women look for casual sex with men. The advertisement, unbeknownst to the defendant, had been posted by an undercover agent posing as an eighth-grade girl. *Id.* at 301. The defendant was ultimately convicted under § 2242(b) and it was affirmed by the Third Circuit. *Id.* at 309. Numerous other convictions under § 2242(b) have been affirmed by the Third Circuit where the defendant was seeking sexual intercourse for his own pleasure, as opposed to working as a pimp or trafficker. *See, e.g*, *United States v. Tyson*, 947 F.3d 139, 141 (3d Cir.), *cert. denied*, 141 S. Ct. 307, 208 L. Ed. 2d 58 (2020) (affirming conviction of defendant who contacted a seventeen-year-old female on Facebook to engage her in prostitution for his own pleasure). Given that the language of § 2242(b) is identical to that of § 2242(a), this Court should interpret the provision in § 2242(a) to apply to individuals

seeking prostitution for their own pleasure. For all the reasons herein, the Court should deny Torres's motion.

## II. THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE 18 USC § 2422(a) IS NOT UNCONSTITUTIONALLY VAGUE

Torres makes the related claim that § 2422(a) is void for vagueness, in particular the following provision: ". . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." Torres argues that because the "criminal offense" he committed in New Jersey is a relatively minor one—procuring a prostitute—that he would not have known this federal statute could have applied to him and therefore it is unconstitutionally vague. *See* Def. Br. at 13-15. However, the exact provision that Torres takes issue with has been found constitutional by the Ninth Circuit.

In *United States v. Shill*, 740 F.3d 1347, 1351 (9th Cir. 2014), the Ninth Circuit addressed the statutory interpretation of subsection (b) of this statute, and in particular the language "any sexual activity for which any person can be charged with a criminal offense," which is identical to the language in subsection (a).[3] In *Shill*, the Ninth Circuit held that in the case of § 2422(b), "our analysis begins and ends with the ordinary meaning of the statutory

---

[3] 18 U.S.C. § 2422(b) states: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any **any sexual activity for which any person can be charged with a criminal offense**, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

language." There, the defendant argued that the plain meaning of "criminal offense" should not include a state misdemeanor. However, the Ninth Circuit found that the plain meaning of "criminal offense" is "generally understood to encompass both misdemeanors and felonies." Specifically, the Court cited to Black's Law Dictionary, which defined "Criminal offense" as "a violation of the law; a crime, often a minor one." *Id.* (citing *Black's Law Dictionary* (9th ed. 2009), *available at* Westlaw BLACKS)). The Ninth Circuit also pointed out that the Supreme Court has used the term "criminal offense" broadly, referring to *Lawrence v. Texas* where the offense at issue was a "class C misdemeanor" and "a minor offense in the Texas legal system," it was still considered "a criminal offense with all that imports" for the person charged. *See id.*, at 1351 (citing *Lawrence v. Texas*, 539 U.S. 558, 575 (2003)). Thus, the Ninth Circuit "declined to embrace [the defendant's] narrow interpretation of the statute." Moreover, it noted that "if Congress intended to limit § 2422(b) to apply only to felony conduct, it would have expressly said so, as Congress has done in other sections of the criminal code." *Id.* at 1352 (citing 18 U.S.C. § 922(g)(1), (9)) (limiting application to those convicted of a felony or a misdemeanor crime of domestic violence); 18 U.S.C. § 924(e)(1) (providing enhanced penalties for "violent felony" offenders)).

In New Jersey, a person commits a criminal offense if "the actor engages in prostitution as a patron." *See* N.J.S.A. § 2C:34-1(b)(1) & (c)(5) ("An offense under subsection b. constitutes a disorderly persons offense if the offense falls within paragraph (1) of that subsection . . .). New Jersey disorderly persons

8

offenses are punishable by up to six months incarceration and a $1,000 fine. *See* N.J.S.A. 2C:1-4(b), (c). Regardless of what name the New Jersey Code gives to this offense, federal law would define it as a Class B misdemeanor. *See* 18 USC § 3559(7) (defining a Class B misdemeanor as having a maximum term of imprisonment of six months). Notably, one of the "criminal offenses" at issue in *Schill* was a Class B misdemeanor under Oregon law, punishable by six months' incarceration. Thus, as in *Schill*, this Court should reject Defendant's argument that § 2422(a) in unconstitutionally vague.

Not only does Torres's conduct fall squarely within the "criminal offense," section of the statute, it is also covered by the prohibition relating to "prostitution." *See* 18 U.S.C. § 2422(a) (prohibiting enticement to travel in interstate or foreign commerce "to engage in prostitution, **or** in any sexual activity for which any person can be charged with a criminal offense") (emphasis added). The Third Circuit, analyzing an identical phrase in 18 U.S.C. § 2423(a)[4], found that this language criminalizes "two categories of offenses." *United States v. Tyson*, 947 F.3d 139, 145 (3d. Cir 2020). In *Tyson*, the Third Circuit specifically found that the identical language in § 2423(a) criminalized "(1) engaging in prostitution and (2) engaging in any other sexual activity prohibited by state or federal law." Therefore, the Third Circuit held

---

[4] This statute reads: "A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, ***with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense***, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2423(a) (emphasis added).

9

that the Government did not have to prove that the defendant violated any other state or federal law. *Id.* (to hold otherwise "would deprive the term 'prostitution' of meaning since § 2423(a) already prohibits sexual activity that constitutes a criminal offense"). The Second Superseding Indictment charges Torres with enticement in connection with acts of prostitution, conduct which § 2422(a) clearly and definitively prohibits.

Moreover, at least two federal courts have explicitly rejected the argument that 18 U.S.C. § 2422(a) is void for vagueness. *See United States v. Vancleaf,* 185 F.3d 876 (10th Cir. 1999) ("As the challenged clause specifically refers to 'prostitution, or … any sexual activity for which any person can be charged with a criminal offense,' we believe its language is sufficiently clear to have put [defendant] on notice"); *Scott v. United States*, No. 1:05-CR-00443, 2015 WL 4950033, at *3 (M.D. Pa. Aug. 19, 2015), aff'd, 664 F. App'x 232 (3d Cir. 2016) (rejecting defendant's argument that § 2422(a) is void for vagueness because it "defines the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited"). And the Third Circuit, while not addressing the particular provision Torres takes issue with, has similarly upheld 18 U.S.C. § 2422(b) as constitutional. *See United States v. Tykarsky,* 446 F.3d 458, 473 (3d Cir. 2006) (finding that "the words "attempt," "persuade," "induce," "entice," or "coerce," though not defined in the statute, are words of common usage that have plain and ordinary meanings" and that the statue is therefore "sufficiently precise to give a person of ordinary

intelligence fair notice as to what is permitted and what is prohibited and to prevent arbitrary and discriminatory enforcement").

The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). Here – the statute is clear. There is no basis to find that it failed to provide notice about what it prohibits. *See, e.g., United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) (analyzing § 2422(b) and finding that "ordinary people using common sense could grasp the nature of the prohibited conduct" and that the statute "establishes the requisite minimal guidelines to prevent arbitrary or discriminatory enforcement"). This Court should therefore deny Torres's motion to dismiss.

### III. THE COURT SHOULD PERMIT EVIDENCE OF ASSAULTS[5]

Torres also argues that the Government should be precluded from introducing "any evidence" that occurred after the victims crossed state lines because the offense was complete at the moment of the interstate travel. In support of his flawed position, Torres asserts that "enticement to engage in prostitution is the element of the statute, not the actual acts of prostitution." *See* Def. Br. at 7. Torres's legal analysis is incorrect. Torres's violent, threatening

---

[5] The Government has previously argued, in two separate filings, that evidence of Torres's assaultive, violent, and threatening conduct is admissible as intrinsic evidence, or alternatively, pursuant to Rule 404(b). *See D.E.* 111, p. 2-11; *D.E.* 114, p. 1-3. The Government incorporates those filings by reference.

11

conduct is admissible as intrinsic evidence, or alternatively, pursuant to Rule 404(b).

> Title 18, United States Code, Section 2422(a) reads:
>
> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Despite Torres's flagrant misreading of the statute, the Government is not required to prove that the defendant enticed the victims to engage in prostitution; rather, the Government must prove that the defendant persuaded, induced, enticed, or coerced the victim to travel in interstate commerce with the intent that the victim would engage in prostitution. Indeed, to establish a violation of 18 U.S.C. § 2422(a), the Government must prove the following three elements:

(1) The defendant knowingly persuaded or induced or enticed or coerced the particular victim to travel in interstate commerce;

(2) The victim traveled in interstate commerce; and

(3) That the defendant acted with the intent that the victim would engage in prostitution.

*See* Eighth Circuit Model Jury Instruction 6.18.2421.

The Government is required to prove the defendant's *mens rea* – his state of mind. In establishing the third element, *i.e.*, that the defendant acted with the intent that the victim would engage in prostitution, the jury may consider circumstantial evidence. The Model Jury Instructions state:

> Direct proof of a person's intent is almost never available. It would

12

> be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, words, his conduct, his acts and *all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.*

Sand, *Modern Federal Jury Instructions*, Instr. 64-9 (emphasis added). The Third Circuit model instructions agree: "**[T]o determine (the defendant's) state of mind** (what the defendant intended or knew) at a particular time, **you may consider evidence about what (the defendant) said, what (the defendant) did** and failed to do, **how (the defendant) acted**, and all the other facts and circumstances shown by the evidence that may prove what was in (the defendant's) mind at that time." *Third Circuit Model Jury Instructions*, Instr. 5.01 (emphasis added). In other words, to determine whether Torres intended for the victims to engage in prostitution, it is relevant for the jury to hear the lengths to which he went to get them to submit to consummating the prostitution. Indeed, "since it is physiologically impossible to enter the mind of the defendant to find intent it must be established by circumstances, conduct, etc., before, at, and subsequent to the act charged." *United States v. Fore*, 38 F. Supp. 140, 141 (S.D. Cal. 1941). As the Government noted in our Reply Brief, "[e]stablishing that prostitution actually occurred goes directly to an element of this offense – the purpose [*i.e.,* Torres's intent] underlying the interstate travel." *D.E.* 114, p. 1. Thus, Torres's threatening and violent

13

conduct allowed him to accomplish his stated purpose of engaging in prostitution, the third element of these offenses. This evidence therefore has direct bearing on an element of the offense and is admissible as intrinsic evidence.

Torres also repeats the argument that he has made before, namely that "[t]he only question is who enticed whom." Def. Br. at 8. The Government must prove that the defendant persuaded, induced, enticed, or coerced the victim to travel in interstate commerce; it need not prove that the defendant enticed the victim to engage in prostitution. *See United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016) (rejecting defendant's argument that he could not have persuaded the victim who held herself out as a prostitute and finding that "offering or agreeing to pay money in exchange for engaging in various sex acts qualifies as inducement within the meaning of the statute"). Thus, Torres's argument that, because the victims were prostitutes, he could not have enticed them, or that somehow their status as prostitutes means that they caused him to commit the offense, misreads the elements of the offense. Nonetheless, even assuming *arguendo* Torres's reading of the enticement element is correct, his argument would further support the Government's position that evidence of his violent, threatening behavior is admissible as intrinsic evidence. This is because Torres's conduct in threatening and assaulting the victims in order to complete the sexual conduct directly contradicts Torres's defense that the victims actually enticed *him.* After all, if it were

the victims who enticed Torres, why not permit them to leave the room? Therefore, even under Torres's flawed reasoning, this evidence is admissible.

Torres's reliance upon the cited cases – *Wilson v. United States*, 232 U.S. 563, 571 (1914), *Cleveland v. United States*, 329 U.S. 14, 20 (1946), *Batsell v. United States*, 217 F.2d 257 (8th Cir. 1954), *United States v. Williams*, 271 F.2d 703 (4th Cir. 1959), *United States v. Williams*, 291 F.3d 1180, 1187 (9th Cir. 2002), etc., is misplaced. The fact that an actor's criminal conduct had progressed to the point where the legal elements of the offense had been met does not mean that the respective criminal act or transaction was over. The cited cases stand for the proposition that the respective criminal conduct at issue had advanced far enough to satisfy the statutory elements of the offense; they do not stand for the proposition that all of defendant's conduct after that point was somehow inadmissible.

Notably, in a prior submission, Torres argued that the criminal act was over the moment the victim walked into his hotel room. *D.E.* 113, p. 1. Now, he reverses course and claims the criminal act was over the moment the victim crossed state lines. In advancing these arguments, Torres seeks to present the jury with an incorrect, incomplete set of facts. In essence, he is seeking to preclude the jury from hearing about the depraved manner in which he accomplished these acts. Torres's arguments lack legal support and the cases to which he cites do not support his position. Torres's actions in threatening and assaulting these

15

victims constitute intrinsic evidence and are admissible as such. Alternatively, these acts are admissible pursuant to Rule 404(b).  *See D.E.* 111, p. 2-11; *D.E.* 114, p. 1-3.

## CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to deny Defendant's motion to dismiss and motion *in limine* and admit certain evidence as direct evidence of the charged crimes, or, in the alternative, as evidence of "other crimes, wrongs or acts" pursuant to Federal Rule of Evidence 404(b).

                    Respectfully submitted,
                    PHILIP R. SELLINGER
                    United States Attorney

By:   s/ Emma Spiro
       Emma Spiro
       Shawn Barnes
       Assistant United States Attorneys

Dated:  February 14, 2022
         Newark, New Jersey