

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2746*

March 24, 2022

<u>Via E-Mail and ECF</u>

The Honorable Brian R. Martinotti
United States Magistrate Judge
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, NJ 07102

        Re:   <u>United States v. Jose Torres</u>
                Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      The United States respectfully submits this letter in response to Defendant Jose Torres' multiple *pro se* filings in this matter. *See, e.g.,* D.E. 118, 119, 129, 130, 138, 145.[1] As this Court is no doubt aware, the Third Circuit has held that "*[p]ro se* litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'" *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). As the Third Circuit has noted:

> By requiring that briefs be filed only by counsel, we ensure that counsel and client speak with one voice. When a client seeks to raise additional issues, counsel must evaluate them and present only the meritorious ones, rather than simply seeking leave for the client to file a supplemental brief. This promotes

---

[1] This list is just a sample of Torres' most recent *pro se* filings.

> effective advocacy because it prevents counsel from allowing frivolous arguments to be made by the client.

*Turner*, 677 F.3d at 579.

Thus, "once a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously ... request[s] that ... counsel be silenced." *Id.* at 578 (citation omitted). Accordingly, a district court is not obligated to entertain *pro se* motions filed by a represented party. *See United States v. Ransom*, 502 F. App'x 196, 201 (3d Cir. 2012) (not precedential); *see also United States v. Banks*, 2022 WL 444262, at *1 (3d Cir. Feb. 14, 2022) (not precedential) (holding that since the defendant "is not entitled to so-called 'hybrid representation,' the District Court did not err in declining to entertain" the defendant's *pro se* motion); *United States v. Coles*, 558 F. App'x 173, 180 (3d Cir. 2014) (not precedential) (affirming the district court's decision not to "consider these submissions in light of the prohibition on 'hybrid representation,' as [the defendant] was still represented by his trial counsel at that time.").

In this district, courts routinely refuse to consider *pro se* filings and direct defendants not to file them. *See, e.g.*, *United States v. Figueroa*, Crim. No. 14-672, D.E. 182, attached as Exhibit 1 (dismissing *pro se* motions of represented defendant because he had no right to "hybrid representation") (Chesler); *Id.* D.E. 105 (prohibiting defendant from filing any documents *pro se* with the court); *see also United States v. Horvath*, Crim. No. 15-400, 2020 WL 7074379, *1 n.1 (D.N.J. Dec. 3, 2020) (Hayden) (terminating without prejudice three *pro se* motions because defendant had no right to hybrid representation); *United States v. Carazolez,* Crim. No. 18-81, 2020 WL 5406161, *1 n.1 (D.N.J. Sept. 9, 2020) (Hayden) (denying as moot *pro se* motion because *pro se* litigants have no right to 'hybrid representation.'").

In this matter, the Defendant is represented by able counsel who has filed numerous motions on his behalf. Nonetheless, the Defendant continues to file *pro se* motions and letters, often on issues that have already been decided by this Court and are moot. *See, e.g.*, D.E. 145. The Government therefore requests that this Court not consider the *pro se* filings currently pending before this Court, *see* D.E. 129, 130, 138, 145, and direct the Defendant not to file additional *pro se* filings.

Thank you for your consideration of this matter.

        Very truly yours,

        PHILIP R. SELLINGER
        United States Attorney

        *Emma Spiro*

        By: Emma Spiro
            Shawn Barnes
            Assistant U.S. Attorneys

cc:    David Schafer, Esq.