

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Shawn Barnes & Emma Spiro*
*Assistant United States Attorneys*

970 Broad Street, Suite 700
Newark, New Jersey 07102
Direct Dial: (973) 645-2746

August 8, 2022

Via E-Mail and ECF

The Honorable Brian R. Martinotti
United States District Judge
Martin Luther King, Jr. Federal Building
and United States Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   United States v. Jose Torres
               Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      The United States respectfully submits this letter brief in opposition to Jose Torres' ("Torres" or the "Defendant") motion for release from custody. D.E. 168. Notably, this is the Defendant's **sixth** application for bail in this matter. Judge Kiel has twice denied Defendant bail. *See* 20-mj-10059, D.E. 17, attached as Exhibit 1; D.E. 28, attached as Exhibit 2. When Torres appealed Judge Kiel's second order of detention, Your Honor found that "this is an extremely strong case that the defendant does present a danger to the community and . . . there is a likelihood of the defendant fleeing." *See* 20-CR-418, D.E. 48, attached as Exhibit 3, at 30-31. Thus, Your Honor held that there "is no condition or conditions of release that will protect the members of the community." *Id.* Defendant then appealed Your Honor's decision to the Third Circuit Court of Appeals, which denied Defendant's motion for bail pending trial. *See* App. No. 20-2427, ECF No. 12 (Exhibit 4). On March 5, 2021, Torres again sought bail from this Court, presenting a bail package that was nearly identical to that he now proposes in this Motion. D.E. 85. Again, Your Honor denied the Defendant's application for bail. D.E. 95.

The Defendant's renewed application does not address Your Honor's, Judge Kiel's, or the Third Circuit's prior findings that there are no conditions or combination of conditions that could assure the safety of the community or Torres' appearance at future proceedings.

Given the detailed arguments and briefing provided by the Government on five prior occasions, and the Court's familiarity with this matter, the Government will rely on the statements of facts outlined in our previous submissions and will not restate the facts for the purpose of this motion. *See, e.g.*, D.E. 41, 89.

The Defendant asks this Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142. The only portion of the bail reform statute that Torres mentions is § 3142(j), which states: "Nothing in this section shall be construed as modifying or limiting the presumption of innocence." Torres goes on to argue that, despite this statement, he has been incarcerated for 29 months in a "maximum security prison" during a "deadly epidemic." D.E. 116, at 2. Second, the Defendant argues that he needs more time to confer with his counsel without having to comply with ECCF's restrictions, including timing limits for attorney-client meetings and the amount of paperwork defense counsel can bring through security. *Id.*

First, there is nothing in Torres' argument that is new or different from his last 5 arguments. In fact, his last two bail requests offered the exact same third-party custodian and residence.[1] On each of these two prior occasions, Your

---

[1] In the June 30, 2020 hearing on bail before Your Honor, defense counsel read the following into the record from the third party custodian:

> During his stay in my home, Jose will not have access to computers, digital or analog phones. The analog line in my house was removed several years ago. Or any other devices capable of digital or analog communications. I assure all that I will immediately report and notify the proper authorities and oversight agencies of any violations in terms of release. I will not be part or condone of any such violations.

Ex. 3, at 16-17. This is nearly identical to the affidavit by the same third-party custodian, which is attached to the Defendant's current Motion. At that time, Your Honor found this third-party custodian insufficient to ensure the safety of the community and Torres' appearance in Court. Respectfully, nothing has changed that has any impact on the Court's prior rulings in this regard.

2

Honor found this package insufficient to ensure Torres' appearance and the safety of the community. Ex. 3, at 30-31; D.E. 95.

Second, Torres' argument about his conditions of confinement at ECCF are generalized and do not warrant release. Torres continues to distinguish himself from the "dangerous" and "violent" prisoners in his dormitory. D.E. 168, at 4. In support of this argument, Torres falsely states; "the sex workers themselves would not have considered it rape if Torres had paid them in advance for sexual intercourse." *Id.* Torres misstates the victim's allegations. Multiple victims have stated that Torres forced unprotected sex on them—clearly an act that they did not consent to. *See also* D.E. 41, 89 (explaining reasons Torres is a danger to the community).

Also, in support of his argument Torres claims he has "no access to fresh air or exercise." The Government contacted ECCF with respect to this allegation and learned that Torres' allegation is, in fact, false. ECCF confirmed that the dormitory setting in which Torres is housed is the **least restrictive** area of ECCF. Additionally, Warden Brown confirmed that there is a recreation area in the middle of each dorm that is fully ventilated – meaning that all four sides of the area is vented (*i.e.* if it is raining outside an inmate would get wet). Inmates have unlimited access to this ventilated area. There is also a gym area that inmates have scheduled access to at least one day per week.

Additionally, Torres vaguely refers to the "deadly epidemic" to support his release. But generalized fears of COVID-19 do not warrant release under 3142(i). *See, e.g., United States v. Clark,* 448 F. Supp. 3d 1152, 1156 (D. Kan. 2020) ("[A] defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation").

Torres' arguments regarding needing additional time to meet with counsel "without having to comply with ECCF's restrictions" are similarly baseless. D.E. 116, at 2. Pursuant to 18 U.S.C. § 3142(i)(4), a court may order temporary relief as follows:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Courts have consistently held that a pretrial detainee's right to counsel is infringed only when prison regulations unreasonably burden or significantly interfere with the detainee's access to counsel. *United States v. Dawara,* No. 19-CR-414-1, 2020 WL 2404898, at *8 (E.D. Pa. May 12, 2020 (*citing Benjamin v.*

*Fraser*, 264 F.3d 175, 187 (2d Cir. 2001)). To be sure, the COVID-19 pandemic has forced prisons around the country to take significant steps to protect their populations, and ECCF is no different. As part of these efforts, ECCF had previously restricted in-person visits by attorneys and other visitors and limited the movement of detainees around the facility. Nonetheless, these restrictions were lifted as of **April 8, 2022**. Currently, all normal mechanisms for attorneys to reach their clients are available: confidential phone calls, video visits, window visits and in-person visits. The Government reached out directly to Director Alfaro Ortiz who ensured that if a defendant needed a longer block of time to prepare for trial, such as four-hour intervals, he would personally ensure the attorney was able to meet with his client for those times. Additionally, he has provided his cellular telephone number online so that all attorneys can directly access him if they encounter any trouble with meeting with or speaking to their clients. *See* https://essexcountynj.org/wp-content/uploads/2022/04/MEMORANDUM-Attorney-Visits-41322.pdf. Director Ortiz also indicated he would work with defense counsel to ensure he could bring in the items necessary for Torres to prepare his defense.

Indeed, even during the height of COVID-19 when there were significant restrictions on attorney-client visits, other courts rejected similar arguments. For example, the Chief District Judge in the Eastern District of Pennsylvania recently rejected a defendant's claims that FDC Philadelphia's restrictions on his access to counsel required release under Section 3142(i) and the Sixth Amendment. *See Dawara*, 2020 WL 2404898, at *8. Although the Court acknowledged limitations on the defendant's ability to meet with his attorney, it held that "[c]onsidering the measures necessary for the BOP to prevent spread of COVID-19 in its institutions, the suspension of legal visits could hardly be viewed as unreasonable." *Id.* at *8; *see also United States v. Corbitt*, No. 20-CR-00030, 2020 WL 2098271, at *8 (M.D. Pa. May 1, 2020) (rejecting motion for release under Section 3142(i) and noting that "***[i]f federal courts had to order temporary release just because it would aid a defendant's ability to work with counsel, the exception in section 3142(i) would swallow all detention orders***") (quotation omitted) (emphasis added).

Here, Torres has had access to the discovery in this matter for well-over a year. In fact, he has had most of it in his possession for two years. There is nothing new or substantial that Torres would need additional time to review. Additionally, there is currently no trial date set in this matter. In those situations when courts *have* granted temporary release, it is either when there is new evidence and/or an imminent court hearing or trial. *United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (ordering temporary release of defendant when new evidence was obtained and there was a hearing 5 days from the date of release).

      In sum, the Defendant's application fails to identify any new fact that would have any bearing on his detention; rather, the Defendant's application mirrors his previous applications for bail – all of which have been denied. The Defendant has not shown that ECCF's attorney-client procedures are unreasonable or that they violate his right to counsel, nor that they warrant his temporary release. Torres is a dangerous individual – and one who poses a grave risk of flight – he should therefore remain detained pending trial.

                        Very truly yours,

                        PHILIP R. SELLINGER
                        United States Attorney

                        */s/ Shawn Barnes*
        By:   Shawn Barnes
               Emma Spiro
               Assistant U.S. Attorneys

cc:    David Shafer, Esq.