

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Bruce P. Keller*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2930*

January 4, 2023

VIA ECF

The Honorable Brian R. Martinotti
United States District Judge
Frank Lautenberg Post Office
& U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re:   *United States v. Torres* 20-CR-418

Dear Judge Martinotti:

    Pursuant to this Court's December 9, 2023 Order, Dkt. #198, the Government replies to Torres' opposition, Dkt. #206, to the pending motion for injunctive relief, Dkt. #193, as follows:

    ***First***, Torres suggests this Court does not have the authority to strike previously filed pleadings from the docket. *See* Dkt. # 206 at 1-3 (repeatedly emphasizing cases in which the injunctive relief requested and granted was directed to "*future*" filings). That's wrong.

    Even had the Government not requested those pleadings to be stricken as part of the requested injunction, this Court still would have the authority to remove them. It is well-settled, in both criminal and civil cases, that, absent "the clearest showing" of "actual and substantial prejudice," a district court always has the discretion to issue whatever relief it deems appropriate to protect the docket, whether

1

from violations of rules, orders or otherwise.  *Lue-Martin v. March Group, L.L.L.P.*, 379 F. App'x 190, 192 (3d Cir. 2010) (not precedential).  That's because docket management is "committed to the sound discretion of the District Court."  *United States v. Tutis*, 855 F. App'x 74, 75 (3d Cir. 2021) (not precedential) (citation omitted).  Using that discretion, pleadings, or portions of pleadings, may be stricken from the record.  *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018).

Using that discretion is appropriate in any case.  It is all the more appropriate here, given Torres' especially egregious pleadings.  They violate not only the always-present prohibition against vexatious litigation tactics, *see* Dkt. #193-1 at 7-8, but also two specific rulings by this Court: (i) one enforcing the rule requiring represented litigants to file only "through counsel," 6/27/22, and (ii) the other rejecting, as unfounded, Torres' speculation that a conflict of interest has led the AUSA assigned to this case to commit a host of supposed misdeeds, Dkt. #95 at 1.

Removing these pleadings from the docket creates no prejudice at all, let alone substantial prejudice -- they never should have been filed in the first place.  Moreover, because they never were adopted by counsel, they are nullities.  Even now, when given the opportunity presented by this motion, his counsel-filed opposition offers not one word to defend the unfounded accusations Torres personally has leveled, Dkt. #206, confirming their removal should be part of the appropriate remedy.

Torres' makes a related suggestion -- that because the Government, until forced to make this motion, has shown restraint -- this Court now has been deprived of any "recourse" to remove them.  Dkt. #206 at 3.  That's wrong, too.  Courts never lose their inherent power to enforce their orders, control their dockets and protect their jurisdiction from conduct, like Torres', that impairs their ability to function properly and efficiently.  *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).

2

*Second*, Torres argues that the standard Protective Order entered in this case makes prospective injunctive relief "unnecessary." Dkt. # 206 at 3. That, to put it mildly, is a *non-sequitur*.

The Protective Order, by its express terms, addresses the treatment of materials produced in discovery that contain sexually explicit information/images of victims or witnesses, visually depict the victims or witnesses, otherwise identify victims or witnesses, or contain other sensitive information. Dkt. #57.

Those categories have nothing to do with the prospective relief requested: An order that, by requiring pre-screening before docketing, protects the docket from further baseless allegations about this prosecution being tainted by a conflict of interest. Such narrowly-tailored relief in no way prevents Torres from attempting to defend himself on the merits: It may, however, finally focus him on doing so.

Nor is this a matter of how *many* such filings Torres has docketed. Dkt. #206 at 3. It's a matter of *what* he has filed and the extent to which they violate this Court's prior rulings, principles of finality and the standards governing orderly federal court litigation. When a litigant like Torres repeatedly runs roughshod over all of that, Dkt. #193-1 at 10-14, then adds the not-so-veiled threat of still more vexatious pleadings, Dkt. #174 at 2, the applicable standard, Dkt. #193-1 at 14-17, is easily met. The Government requests that the injunction be granted.

        Respectfully submitted,

        PHILIP R. SELLINGER
        United States Attorney

By: *Bruce P. K.*

        Special Counsel to the U.S. Attorney/Assistant United States Attorney

cc: David E. Schafer, Esq (via ECF)

3