

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2746*

January 10, 2023

Via E-Mail and ECF

The Honorable Brian R. Martinotti
United States Magistrate Judge
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, NJ 07102

        Re:   United States v. Jose Torres
                  Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      The Government respectfully submits this letter to bring to the Court's attention certain additional considerations that we believe bear on the issues raised at Friday's hearing.

      At that hearing, Defendant Torres responded in many ways that underscore the Government's concerns about his ability to follow the rules, rulings, orders and standards that govern orderly federal court litigation. Nonetheless, under *United States v. Taylor*, 21 F.4th 94, 104-05 (3d Cir. 2021), even those responses and his earlier track record may not be enough to deny his application to proceed *pro se* if this Court determines that the *Faretta* colloquy demonstrates Torres is knowingly, voluntarily, and intelligently waiving his right to counsel. That's because *Taylor* cautions trial courts to "exercise patience" in obviously "difficult situations" created by litigants like Torres. *Taylor*, 21 F.4th at 104. Even where a defendant's prior record "predicted" disruptions at trial that had

1

not yet occurred, it is error to deny a defendant's request to proceed *pro se* "prematurely." *Id.* at 104-05.

The concern is that the erroneous denial of a defendant's right to represent himself before a jury would constitute structural error, which is not amenable to a harmless error analysis on appeal. *U.S. v. Peppers*, 302 F.3d 120, 127 (3d Cir. 2002). *See United States v. Engel*, 968 F.3d 1046, 1050 (9th Cir. 2020) (a district court may not terminate a defendant's self-representation even when, among other things, the defendant "files numerous nonsensical pleadings" and is "uncooperative at times") (cleaned up). So despite the extraordinary patience this Court already has shown and Torres's escalating inappropriate conduct (including publicly disclosing an AUSA's prior home address), *Taylor* counsels giving him one more clear chance.

The safest course at this point would be to permit Torres to proceed *pro se*, while appointing Mr. Shafer as his standby counsel and providing Torres yet another clear warning, delivered to him not only in person but also in a written order, that should Torres engage in any additional behavior demonstrating his continued inability or unwillingness to abide by the Court's rules, the Court may find that he has waived his right to proceed *pro se*, and direct Mr. Shafer to serve as his counsel. That warning should make clear that the Court could immediately terminate his self-representation, even mid-trial, in response to serious or obstructionist misconduct, and that if that misconduct occurs in front of the jury, the Court might not grant a mistrial.

    If the Court agrees that *Taylor* counsels in favor of allowing Torres to proceed *pro se* even after last Friday's events, the Government's request for a tailored injunction so that the Court may screen his *pro se* submissions prior to their reaching the public docket makes sense. That much, along with the striking of the previously-identified filings, is the minimum relief needed given Torres's demonstrated refusal to abide by this Court's rulings and federal court standards.

    Thank you for your consideration of this matter.

                      Very truly yours,

                      PHILIP R. SELLINGER
                      United States Attorney

                      *Emma Spiro*

                      By: Emma Spiro
                          Shawn Barnes
                          Assistant U.S. Attorneys

cc:    David Schafer, Esq.