**DAVID E. SCHAFER**
*Attorney-at-Law*
2273 State Highway 33
Suite 207
Trenton, NJ 08690
(609)439-7790
schafdave@gmail.com

Honorable Brian R. Martinotti   February 13, 2023
(By ECF)

*United States v. Jose Torres*
Crim. No. 20-418

**RESPONSE TO DOCKET DOCUMENT 218**

Dear Judge Martinotti:

    Please accept this letter-memorandum in lieu of a more formal brief. At the January 6, 2023 hearing on motions by Torres and the Government, the Court ordered Torres not to file any more motions on his criminal docket while he was represented by counsel:

> THE COURT: Until I make a decision on whether or not you are permitted to proceed self-represented, you are prohibited and restrained from filing any motions on the docket. Do you understand that?
>
> (TORRES): Okay. That just goes for my criminal case, not my civil case. Correct?
>
> THE COURT: That's a whole other issue. You can deal with Judge Arleo on that.

Transcript at 14-7 to 14. The Court made it clear that any motions by Torres on his civil case docket would be monitored by the Honorable Madeline Cox Arleo. Yet the Government now claims that Torres' recent civil docket motions should be dealt with his in criminal case.

    The Government's main objection seems to be that Torres "chose to disclose personal identifying information about one of the AUSAs assigned to this case." Although the Government does not denote the specific "identifying information," it appears to be the former address of the AUSA. Transcript at 32-10 to 16. *See, also,* 37-6 to 13:

> (V)iolations of Federal Rule of Criminal Procedure 49.1, which prohibits the disclosure of addresses of people involved in criminal cases, reinforced by Local Rule 5.2, paragraph 17, and reinforced—I think this is really important—by the PACER rules which prohibit and make references to the 49.1. It warns people: you cannot disobey the rules set by Rule 49.1 if you are making a criminal filing on PACER.

The PACER redaction rule in pertinent part states:

> All filers must redact: ... and in criminal cases, home addresses in compliance with *Fed. R. App. P.* 25(a)(5), *Fed. R. Civ. P.* 5.2, *Fed. R. Crim. P.* 49.1, or *Fed. R. Bankr. P.* 9037 (Exhibit 1).

*Fed. R. Crim. Proc.* 49.1 (a) allows only the following exceptions to its redaction rules in a criminal case:

> (1) the last four digits of the social security number ... ;
> (2) the year of the individual's birth;
> (3) the minor's initials;
> (4) the last four digits of the financial account number; and
> (5) the city and state of the home address.

(Exhibit 2).

However, *Fed. R. Civ. Proc.* 5.2 (a) does not have subsection (5) and does not require redaction of an individual's home address:

> (1) the last four digits of the social security number ... ;
> (2) the year of the individual's birth;
> (3) the minor's initials;
> (4) the last four digits of the financial account number.

(Exhibit 3).

Therefore, although an individual's home address on a criminal case docket is restricted to "the city and state," an individual's home address is not subject to redaction on a civil case docket. It should be noted that the criminal rule states "home address," not "home address or *former* home address or addresses."

The "former address" mentioned by the Government at the January 6th hearing (transcript at 32-12) was contained in criminal Docket Document 211 at page 3, line 11 from the bottom. Wikipedia describes "_____ City Pl." as comprising a "14-story, 333-apartment building."

In other words, Torres made reference to a *former* address (ironically denoted as a "city") in arguing that a certain phone call was made in its vicinity. The "address," in actuality, was one of 333 apartments.

Torres has not filed any motions on the criminal docket since January 6th, strictly obeying the Court's order on that date. His mention of a *former* address, technically not even

forbidden by the criminal rule, is in no way subject to redaction under *Fed. R. Civ. P.* 5.2 or PACER in the civil case domain.

  There is no legal basis for the Government to infer that Torres has committed contempt for any of its reasons in criminal Docket Document 218.

Respectfully submitted,

*David Schafer*

David Schafer
Attorney for Jose Torres

Cc: Emma Spiro, AUSA (by ECF)
  Shawn Barnes, AUSA (by ECF)
  Bruce Keller, AUSA (by ECF)

PACER: Login

1/30/23, 5:01 PM

**Redaction Agreement**

**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:**

All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and in criminal cases, home addresses in compliance with Fed. R. App. P. 25(a)(5), Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, or Fed. R. Bankr. P. 9037. This requirement applies to all documents, including attachments.

☐ I understand that, if I file, I must comply with the redaction rules. I have read this notice.

[Continue]   [Cancel]

EXHIBIT 1

## USCS Fed Rules Crim Proc R 49.1

Current through changes received December 16, 2022.

USCS Federal Rules Annotated > Federal Rules of Criminal Procedure > Title IX. General Provisions

### Rule 49.1. Privacy Protection for Filings Made with the Court

**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:

  (1) the last four digits of the social-security number and taxpayer-identification number;

  (2) the year of the individual's birth;

  (3) the minor's initials;

  (4) the last four digits of the financial-account number; and

  (5) the city and state of the home address.

**(b) Exemptions from the Redaction Requirement.** The redaction requirement does not apply to the following:

  (1) a financial-account number or real property address that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

  (2) the record of an administrative or agency proceeding;

  (3) the official record of a state-court proceeding;

  (4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

  (5) a filing covered by Rule 49.1(d);

  (6) a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255;

  (7) a court filing that is related to a criminal matter or investigation and that is prepared before the filing of a criminal charge or is not filed as part of any docketed criminal case;

  (8) an arrest or search warrant; and

  (9) a charging document and an affidavit filed in support of any charging document.

**(c) Immigration Cases.** A filing in an action brought under 28 U.S.C. § 2241 that relates to the petitioner's immigration rights is governed by Federal Rule of Civil Procedure 5.2.

**(d) Filings Made Under Seal.** The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

**(e) Protective Orders.** For good cause, the court may by order in a case:

  (1) require redaction of additional information; or

  (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

David Schafer

EXH. 2

## USCS Fed Rules Civ Proc R 5.2

Current through changes received December 16, 2022

USCS Federal Rules Annotated > Federal Rules of Civil Procedure > Title II. Commencing an Action; Service of Process, Pleadings, Motions, and Orders

## Rule 5.2. Privacy Protection for Filings Made with the Court

(a) **Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

(b) **Exemptions from the Redaction Requirement.** The redaction requirement does not apply to the following:

(1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

(2) the record of an administrative or agency proceeding;

(3) the official record of a state-court proceeding;

(4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

(5) a filing covered by Rule 5.2(c) or (d); and

(6) a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255.

(c) **Limitations on Remote Access to Electronic Files; Social-Security Appeals and Immigration Cases.** Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:

(1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;

(2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:

(A) the docket maintained by the court; and

(B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

(d) **Filings Made Under Seal.** The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

(e) **Protective Orders.** For good cause, the court may by order in a case:

David Schafer

EXH. 3

(1) require redaction of additional information; or

(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

**(f) Option for Additional Unredacted Filing Under Seal.** A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

**(g) Option for Filing a Reference List.** A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

**(h) Waiver of Protection of Identifiers.** A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

# History

As added April 30, 2007, eff. Dec. 1, 2007.

Annotations

# Notes

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

Other provisions:

**Notes of Advisory Committee on 2007 amendments.** The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, *Public Law 107-347*. Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." The rule goes further than the E-Government Act in regulating paper filings even when they are not converted to electronic form. But the number of filings that remain in paper form is certain to diminish over time. Most districts scan paper filings into the electronic case file, where they become available to the public in the same way as documents initially filed in electronic form. It is electronic availability, not the form of the initial filing, that raises the privacy and security concerns addressed in the E-Government Act.

The rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from public access to electronic case files. See http://www.privacy.uscourts.gov/Policy.htm The Judicial Conference policy is that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain "personal data identifiers" are not included in the public file.

While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case. In such cases, protection may be sought under subdivision (d) or (e). Moreover, the Rule does not affect the protection available under other rules, such as Civil Rules 16 and 26(c), or under other sources of protective authority.

Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court.

David Schafer

EXH. 4