

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Bruce P. Keller*  
*Assistant U.S. Attorney*  
*Special Counsel to the U.S. Attorney*

*970 Broad Street, 7th floor*  
*Newark, New Jersey 07102*

973-645-2930

February 14, 2023

<u>Via E-Mail and ECF</u>

The Honorable Brian R. Martinotti  
United States District Judge  
Martin Luther King, Jr. Federal  
Building and Courthouse  
50 Walnut Street  
Newark, NJ 07102

    Re:   *United States v. Jose Torres*  
            Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

    In his opposition to the Government's motion for contempt, Dkt. #226, Torres ignores the (i) plain text of and stated basis for this Court's January 10, 2023 Order, Dkt. #215 and (ii) standard that governs next week's contempt hearing. This reply addresses those issues and the appropriate remedy.

    **A. The Text Of The Order.**

    On January 10, 2023, the Court entered an Order directing that "Torres's *pro se* docket entries 129, 130, 138, 148, 156, 158, 159, 161, 174-1, 183, 185, 187, 210, 211, and 212 shall be stricken from the docket" and "that the Clerk's Office shall seal each of the docket entries listed above so that they are no longer available to the public." Dkt. 215 at 1-2. Days later, Torres publicly filed the same materials this Court had just ordered removed from public view because they "violate[d] ***one or more of this Court's prior rulings*** as explained by the Government on the record." Dkt. #215 at 1; *See* Dkt. # 217 at 3, 14, 30, 37 (1/6/23 Tr.). These included docket entries 185, 187 and 211, which, without regard to this Court's decision that none of those filings should be publicly available, Torres decided to refile on the public docket in his overlapping civil RICO litigation. *See Torres v. Sher Tremonte LLP et al*, 22-CV-4662 ("Civ. Dkt." #54).

### B. Torres' Conduct Must Be Objectively Assessed; His Subjective Understandings Don't Matter.

Whether Torres' conduct amounts to contempt is governed by objective reasonableness, not his subjective beliefs. *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019). Neither the absence of willfulness nor "a party's subjective belief that she was complying with an order" ordinarily will "insulate her from civil contempt if that belief was objectively unreasonable." *Id*. at 1802.

But Torres' purported defense is purely subjective. It rests on a selective quote from the January 6, 2023 hearing, which he reads as the Court having disclaimed any interest in his civil filings. Dkt. #226 at 1. Any objective reading of the exchange Torres quotes shows the Court was addressing the issue of Torres' inability to file *pro se* in this criminal case where he has counsel, an issue not even implicated in a civil matter where he proceeds on his own. His reading not only is subjective, it also rests on a classic "apples/oranges" comparison.

Torres' subjective reading of that exchange also ignores, among other things, the language of the order actually entered after it took place. That order unequivocally states the rationale for specific filings to be removed and sealed: "so that they are no longer available to the public." Dkt. # 215 at 2. Yet those are the very filings Torres effectively unsealed and again made publicly available when he put them back on the docket in this courthouse.

Moreover, a crucial part of assessing whether conduct is objectively reasonable considers whether a party has built a "record of continuing and persistent violations" of court orders. *Taggart*, 139 S. Ct. at 1802 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)). When, as here, that record exists, that party bears "the burden of any uncertainty" about how to comply with an order. *Id*. *See* Dkt. #217 at 38 (the Court noting all the violations of its prior orders "now . . . set forth on the record"). Put in colloquial terms, where someone like Torres has been admonished for prior violations and then expressly warned about the future risks of being caught with his hand in the cookie jar, he needs to stay out of the kitchen entirely.

Torres also subjectively declares that, in his view, the Government's "main objection" is that Torres chose to disclose personally identifying information. Dkt. # 226 at 1. But although Torres' conduct in that regard is extremely troubling (it is at a minimum, harassment, if not an attempt at intimidation) the Order again makes clear that the filings at issue were stricken from the docket "because they violate ***one or more of this Court's prior rulings***" for all of the reasons

"explained by the Government on the record made at the January 6, 2023 hearing." Only the last of those reasons involved Torres' decision to publicly announce the AUSA assigned to his criminal case (i) had lived in a specific apartment complex in New York before (ii) moving to New Jersey (and when).  Dkt. # 217 at 37 (identifying the address issue **at the end of a long list of Torres' violations** of prior rulings).

Torres, therefore, misapprehends the basis for the contempt motion: It is two-fold and covers more than the address issue.  ***First***, in direct violation of the Court's January 10 Order, Torres publicly filed documents the Court had previously ordered sealed "so that they are no longer available to the public."  Dkt. # 125 at 2. ***Second***, in so doing, Torres violated relitigated "one or more of this Court's prior rulings."  Dkt. #215 at 1.  He continues to allege the existence of a supposed conflict of interest and improper prosecution based on the Mann Act, 18 U.S.C. § 2422 issues, long after those issues have been ruled upon.  Dkt. # 163 at 1-2 (denying Torres' motion to dismiss the pending indictment based on his § 2422(a) argument and precluding him from making it at trial); Dkt. # 95; (finding not even an appearance of a conflict); Dkt. #  217 (1/6/23 Tr.) at 30 (Court's rulings were "law of the case and cannot be relitigated . . . I've ruled on your argument and I've rendered an order").  *See e.g.*, Dkt. #185-3 at 16 (refiled publicly on January 20, 2023 and combining both)("because of the extreme conflict of interest that was orchestrated, AUSA Emma Spiro has created an obscure and absurd charge that has never been used in 110 plus years. The conflict of interest explains why Torres was arrested and why a "john" has never been convicted at trial").

Either one of these would be sufficient for a finding of contempt, but when the re-litigation violation is coupled with publicly refiling sealed documents, that amounts to civil "contempt," in both the literal and legal sense of the word.  *Int'l Union v. Bagwell*,512 U.S. 821, 826-27 (1994) (sanctions imposed for contumacious conduct designed to compel future compliance with a court order "are considered to be coercive and avoidable through obedience, and thus may be imposed in a proceeding upon notice and an opportunity to be heard").

### C. The Elements Of Civil Contempt.

The Government must satisfy "three elements, by clear and convincing evidence, to establish" Torres is liable for civil contempt: (i) the existence of a valid court order; (ii) that Torres knew about; but (iii) that he nonetheless disobeyed. *Marshak v. Treadwell*, 595 F.3d 478, 486 (3d Cir. 2009).

Here, Torres watched and listened as his counsel urged that this Court not "go back and get rid of all" the filings that were docketed in violation of one of more orders. Dkt. #217 at 44. Nonetheless, this Court specifically ordered those filings removed and sealed. Dkt. # 215 at 1. The first two elements, therefore, are easily met.

As to the third, Torres' disobedience, the record shows:

- ➢ After briefing and argument by Torres' counsel that previously docketed entries should not be removed, this Court disagreed and identified filings that Torres had docketed in violation of "one or more of this Court's prior rulings" and, for those reasons, removed and sealed so they "are no longer available to the public." Dkt. # 215 at 1-2.

- ➢ In particular, this Court directly addressed Torres' insistence on arguing, repeatedly and in a variety of ways, the conflict of interest that supposedly provides the only explanation for this prosecution. This Court went out of its way to warn Torres that it had "adjudicated those issues," decided the alleged conflicts issue against him, making that issue "law of the case," which "cannot be relitigated." Dkt. #217 Tr. at 29-30.

- ➢ Torres nonetheless tried to continue to argue the issue. The Court then again addressed it as follows: "I've ruled on your argument and I've rendered an order. And frankly, a debate like this, if you are representing yourself, is not going to be productive." *Id*. at 30-31.

There is no mistaking this unambiguous exchange and the ensuing order. Dkt. #215, Dkt. #217 at 13, 30, 44. Yet Torres continues to repeat his allegations of conflict, corruption and improper prosecution under § 2422, affirmatively placing on the public docket three of the documents this Court had just ordered were not to be available to the public. *See* Civ. Dkt. #54 and attachments.

In common parlance, Torres was "too cute by half." Put in legal terms, he tried to accomplish indirectly what this Court directly prohibited, a violation of one of the most fundamental principles of law. *Providence Bank v. Billings*, 29 U.S. 514, 560 (1830) (prohibiting that done "circuitously which may not be done directly.") Were such gamesmanship sufficient to circumvent court orders, every order would need to spell out an exhaustive laundry list of actions that could possibly violate it. That would be the exact opposite of the applicable standard, which places on a

4

litigant like Torres "the burden of any uncertainty in the decree." *Taggart,* 139 S. Ct. at 1802.

But here, there isn't even any uncertainty. First, the broad language in the Order (removing and sealing entries on the docket "so that they are no longer available to the public"), is the opposite of ambiguous language. *In re Phila. Newspapers, LLC*, 599 F.3d 298, 310 (3d Cir. 2010) "a term . . . is not ambiguous merely because it is broad in scope").

Second, Torres didn't act out of confusion or mistake. He acted deliberately. As he put it in his civil filing, it was precisely because, or, as he put it, "*[s]ince* the above docket entries were stricken from Torres' criminal case," that he refiled them. He viewed this Court's Order as illegitimate: A "guise," or an "alleged" order that was without merit, because it had been obtained to "prevent Torres from telling the public the truth about" the conflict of interest (again) that has led the Government to engage in "lies and corruption" against him. Civ. Dkt. #54 at 4. The cure for that, according to Torres: Refile them publicly, elsewhere, to restore them to the public "record." Civ. Dkt. #54 at 4. That is an egregious, deliberate violation of an express order.

### D. The Remedies Available.

Once a violation of a court order has been established, the framing of sanctions for civil contempt is committed to the sound discretion of the trial court. *Elkin v. Fauver*, 969 F.3d 48, 53 (3d Cir. 1992). The exercise of that discretion can include injunctive relief, fashioned to coerce future compliance. *Andrews v. Holloway*, 1996 WL 495148, at *17 (D. N.J. Aug. 27, 1996) ("this court is compelled to conclude that further injunctive measures are now required"). Accordingly, Torres' contempt now has provided this Court with yet another basis on which to require that, in the event this Court grants his pending motion to proceed *pro se*, any future filings he makes in this case be pre-screened.

That screening can be accomplished by having Torres first submit any filings to this Court so they can be reviewed to ensure compliance with prior rulings, orders and, more generally, applicable rules. The Government previously provided the precedent authorizing that remedy. Alternatively, this Court could delegate that function to a magistrate judge, or another lawyer engaged, not as appointed or standby counsel, but as screening counsel, and paid for out of CJA funds. Any of these alternatives are appropriately within the breadth of discretion this Court enjoys, both under the case law previously cited as well as a way of bringing Torres into compliance with the orders and rules that govern federal court litigation.

## Conclusion

For all of the reasons set forth above, Torres should be held in civil contempt. His future compliance plainly needs to be coerced.

Thank you for your consideration of this matter.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

*Bruce P.K*

By: Bruce Keller
    Robert Rice
    Special Counsel to the U.S. Attorney

cc:    David Schafer, Esq.