1 | Page

José Torres<br>
354 Doremus Ave.<br>
Newark, NJ 07105<br>
Criminal No. 20-CR-418(BRM)

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

2023 FEB 27 P 1: 21

Attn: Emma Spiro
970 Broad Street
7th Floor
Newark, NJ

Dear Ms. Spiro,

In conjunction with the Attorney General Policy mandate, dated December 16, 2022, I am requesting that my case be assessed for compliance to the mandate.

Specifically, I would like to address the guidance given in "GENERAL DEPARTMENT POLICIES REGARDING CHARGING, PLEAS AND SENTENCING." It states that to avoid "unwarranted disparity", Merrick Garland recommends that if "the person is subject to **adequate alternatives** to federal prosecution", that "a prosecutor should not commence a prosecution." This certainly applies in this case, as the State of New Jersey does provide statutes that apply to a "john", under N.J.S.A. 2C:34-1(b)(1), "(1) The actor engages in prostitution as a patron", which is a petty disorderly persons offense and is punishable by "any fine set forth in N.J.S.2C:43-3 that is imposed upon a person by a municipal court". This is the "adequate alternative" that the US Attorney General contemplates in my case.

It further states that "in determining whether adequate alternatives to federal prosecution are available, the prosecutor should consider whether the person is subject to effective prosecution by state, local, territorial, or tribal authorities, JM 9-27.240, or whether there exists an adequate non-criminal alternative to prosecution. JM 9-27.250 the latter may include federal or state or state civil or administrative remedies, or pretrial diversion, JM 9-27.250 & JM 9-22.000."

Separately, the Attorney General mandates that "in determining whether to commence prosecution, a prosecutor may not be influenced by...the prosecutor's personal feelings or self-interest." JM 9-27.260.

Lastly, General Garland asks that the selection of charges should be "likely to result in a sustainable conviction." As you are aware, the statute charges in my case is unprecedented and has not been attempted based on facts similar to mine in the 110+ years since the passage of the law. A conviction is extremely

2 | Page

improbable and a jury, appeals court, and even General Garland himself would find this prosecution absurd.



General Garland further mandates that "all but the most routine indictments should be accompanied by a prosecution memorandum that identifies the charging options supported by the evidence and the law explains the charging decision." This "prosecution memorandum" must match the litigating divisions "promulgate[d] written guidance."

Based on the above mandates, and for performance of due diligence, I would like to officially request that my case be submitted to "department policy" oversight "Supervisory Attorney" and Committee to be reviewed for application of the Attorney General Policy Mandates.

Thank you for your time and attention.

Sincerely,

*Jose Torres*

Jose O. Torres