CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 FEB 27 P 1:20

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

February 20, 2023

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*PLAINTIFF*<br><br>v.<br><br>JOSE TORRES<br>*DEFENDANT* | Honorable Brian R. Martinotti<br><br>Case #: 20-CR-418 (BRM)<br><br>**MOTION TO PROHIBIT THE USE OF THE TERM 'VICTIM' DURING TRIAL TO DESCRIBE OR REFERENCE THE PROSTITUTES / ESCORTS** |

O.J. 2/26/23

Torres moves the Court to prohibit the use of the term 'victim' to describe or reference the prostitutes / escorts during Torres' trial. Torres argues that the term is prejudicial because this is a case where Torres' innocence is inconsistent with the prostitutes / escorts being called or referred in Court as a "victim". Additionally, Torres argues that "the term sacrifices the presumption of innocence" and "constitutes improper prosecutorial vouching" by signaling that the prosecutor believes the prostitutes / escorts' version of the events. Torres further argues that "allowing any witness to refer to the prostitutes / escorts as victims is tantamount to a witness presenting testimony on an ultimate issue of fact, which is error." **United States v. Wood**, 207 F.3d 1222, 1236 (10th Cir. 2000).

Regardless of whether use of the term "victim" constitutes "improper prosecutorial vouching," Courts have recognized the potentially prejudicial effect of the term "victim" at trial. **Sena**, 2021 U.S. Dist. LEXIS 170971, 2021 WL 4129247, at *1 (citing **State v. Cortes**, 84 Conn. App. 70, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), aff'd, 276 Conn. 241, 885 A.2d 153 (Conn. 2005); **Talkington v. State**, 682 S.W.2d 674, 674 (Tex. App. 1984); **People v. Davis**, 73 A.D.2d 693, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979)). Namely, "the term victim is prejudicial when the core issue at trial is whether a crime has been committed-and therefore, whether there is a victim." Id.; see Fed. R. Evid 403. This being a case of first impression further supports that the use of the term "victim" should be prohibited throughout Torres' trial as there has never been a determination whether escorts / prostitutes are "victims" when these very same individuals are the ones soliciting clients and providing the very same services to this day alleged to have been provided Torres and that they are still selling.

Furthermore, "the use of the term "victim" creates an inference that Torres has committed a crime. As a result, the use of the term is likely to improperly color the jury's decision-making by creating an assumption that the Government has already proved a core element of its case." **United States v. Spayd**, 2022 U.S. Dist. Lexis 170091, United States Court for the District of Alaska.

For reasons of juror sympathy, bias, and prejudice against him, defendant asks the Court to prohibit the Government from referring to the prostitutes / escorts as "victims". The term is so misleading and/or emotionally charged as to constitute unfair prejudice as described in Federal Rule of Evidence 403."

As such, Torres requests the Court to prohibit the use of the term "victim" throughout Torres' trial.

Respectfully Submitted,

*[signature]*

Jose O. Torres

*O.T 2/24/23*