CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 FEB 27 P 1: 20

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

January 15, 2023

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*PLAINTIFF*<br><br>v.<br><br>JOSE TORRES<br>*DEFENDANT* | Honorable Brian R. Martinotti<br><br>Case #: 20-CR-418 (BRM)<br><br>**THE GOVERNMENT SHOULD REVIEW THE PERSONNEL FILES OF LAW ENFORCEMENT OFFICERS WHO PARTICIPATED IN THE CASE AND DISCLOSE ANY AND ALL INFORMATION THAT MIGHT BE USEFUL TO THE DEFENDANT** |

Prosecutors have an affirmative duty to disclose material evidence favorable to defendant(s), including exculpatory evidence and impeachment evidence. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 676 (1985). In *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991), the Court held that the government has a duty to examine the personnel files of law enforcement officer(s) it intends to call as witnesses upon a request by defendant for production of such files. Thereafter, the prosecutor must turn over any material that is favorable to the defendant.

**Furthermore, the defendant is entitled to disclosure of the identity and impeachment evidence for each officer and other individuals involved in the investigation of Torres – and not just for the Government witnesses.** See Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667, 676 (1985); United States v. Henthorn, 931 F.2d, 30-31 (9th Cir 1991) (Holding that, upon request from the defendant, the Government has a duty to examine personnel files of the law enforcement officer(s) it intends to call as witnesses for favorable evidence to the defendant). The Government and the defendant often interpret exculpatory and/or helpful evidence or testimony differently. The Government may not choose to call a witness because it does not believe that that witness' testimony helps its case. But the defendant may view that same witness' testimony as important for its defense. Under the Government's interpretation of its obligations, the defendant would never learn the identity of that officer or the contents of his or her testimony. Accordingly, **the Government is required to produce to the defendant the identity of all individuals and/or law enforcement personnel involved in the investigation of Torres regardless of whether the Government intends to call them as witnesses, as well as all statements made by these people and any impeachment evidence.** In the alternative, the Court should review all of the above requested information to determine whether it should be provided to the defendant.

O./ 2/26/23

Therefore, it is requested that the Court order the government to review the personnel files of all law enforcement officers who participated in this case and/or who will testify at pretrial hearings or trial and disclose any information that might be helpful to the defendant.

Respectfully Submitted,

*Jose Torres* O-13

Jose Torres

O./ 2/26/23