<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOSE TORRES,<br><br>            Defendant. | Case No. 2:20-cr-00418 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

   This matter is before the Court, *sua sponte*, reconsidering the Court's Order granting Defendant permission to proceed *pro se*, with standby counsel. (ECF No. 232.) For the reasons set forth below, supplementing the Court's oral decision on the record on May 8, 2023, the Court's Order is **REVERSED** and Defendant's *pro se* status is revoked. It is further ordered that Defendant's standby counsel, David E. Schafer and Linwood A. Jones, be appointed as defense counsel in this case.

**I.   BACKGROUND**

   On February 13, 2020, Defendant was charged through a Criminal Complaint with two counts of Coercion and Enticement in violation of the Mann Act, 18 U.S.C. § 2422(a). (ECF No. 1.) On May 29, 2020, a grand jury returned an indictment against Defendant, charging him with three counts of Coercion and Enticement. (ECF No. 32.) On July 31, 2020, a grand jury returned a Superseding Indictment against Defendant, charging him with four separate counts of Coercion and Enticement. (ECF No. 55.) Then, on October 28, 2020, a grand jury returned a Second Superseding Indictment against Defendant, this time containing six separate counts of Coercion

and Enticement. (ECF No. 71.) Specifically, the Second Superseding Indictment alleges Defendant knowingly persuaded, induced, enticed and coerced six different individuals to travel in interstate commerce, from New York to New Jersey, to engage in prostitution and sexual activities for which a person can be charged with a criminal offense, between May 2015 and October 2019. (*Id.*)

In the sealed Criminal Complaint, sworn to by FBI Special Agent Michael Scimeca, filed on February 13, 2020, the Government alleges Defendant "lured female commercial sex workers from escort service websites to travel from out of state and/or out of the country to come to locations located in Middlesex County, New Jersey, and the surrounding area, for the purpose of engaging in prostitution with [Defendant]." (ECF No. 1, Attachment B ¶ 1.) Defendant promised the female commercial sex workers large sums of payment, and when the workers asked for payment, Defendant became "aggressive, often assaulting and raping" them and always refusing to pay them. (*Id.*)

Defendant has been represented by four different attorneys throughout the pendency of this matter.[1] First, he was represented by Steven D. Altman of Benedict & Altman, Esqs. (ECF No. 5.) Then, he was represented by Lisa Mack of the Federal Public Defender's Office. (ECF No. 16.) Next, Defendant retained David Touger of Peluso & Touger. (ECF No. 64.) Most recently, Defendant was represented by David E. Schafer, appointed by the Criminal Justice Act ("CJA") panel. (ECF No. 79.) While represented by counsel, Defendant improperly entered a number of *pro se* submissions for the Court's review, which the Court struck from the docket and refused to consider. (ECF No. 215.)

On August 22, 2022, Defendant filed a *pro se* Motion, seeking permission to proceed under

---

[1] The Court also granted Defendant's April 6, 2023 request for second standby counsel, appointing Linwood A. Jones of the CJA.

2

hybrid representation, or, in the alternative, to proceed *pro se* citing a need to combat the Government's "false allegations, skewed and distorted facts, and fabricated statements made by the Government against [Defendant]." (ECF No. 174.) The Government filed an Opposition on November 7, 2022. (ECF No. 186.) Defendant filed a Reply on December 5, 2022. (ECF No. 196). The Government relatedly filed a motion for an injunction, seeking an Order, in relevant part, enjoining Defendant from filing any additional materials on the docket without requesting leave of court. (ECF No. 193.) Defendant filed an Opposition to the Government's Motion on December 30, 2022. (ECF No. 206.) The Government filed a Reply on January 4, 2023. (ECF No. 207.) On January 6, 2023, this Court held arguments on the Motions. (ECF No. 217.)

At oral argument, the parties[2] agreed "there [was] no such thing in this circuit as hybrid representation," and so "[Defendant's] application, then, [was] really to proceed self-represented."[3] (*Id.* at Tr. 2:23-3:6.) Defense counsel vocalized his support for Defendant's proceeding *pro se* and agreed it was within the Court's power to screen prospective filings by Defendant if such a ruling was made. (*Id.* at Tr. 8:4-9.) The Government responded with relevant legal principles governing self-representation; noted Defendant's continued obstructionist behavior and the risks of his self-defense; and asked the Court to advise Defendant of the limitations of his self-representation, to appoint standby counsel, and to impose the pre-screening procedure requested in the Government's motion. (*Id.* at Tr. 8:22-11:6).

---

[2] At this time, Defendant was still represented by Mr. Schafer.

[3] *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (finding the defendant had no right to "hybrid representation," or to otherwise "choreograph special appearances by counsel"); *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*, and the District Court was not obligated to consider [the defendant's] *pro se* motions in light of his being represented by counsel.").

3

Thereafter, the Court undertook a detailed, thorough and complete inquiry with Defendant, which included not only the questions required under *Faretta*[4] but addressed additional issues specific to this case, including limitations of his self-representation, compliance with specific laws of the case, and following the Court's motion schedule. (*Id.* at Tr. 17:15-29:13.) The Government expressed satisfaction with the inquiry and what was put on the record at the hearing. (*Id.* at Tr. 32:7-9.) Defense counsel agreed. (*Id.* at Tr. 33:4-7.) The Court conducted an additional hearing on February 22, 2023, wherein the Court granted in part Defendant's Motion to Proceed *pro se*, and appointed Mr. Schafer as standby counsel, finding Defendant knowingly, voluntarily, and intelligently waived his right to counsel. (ECF No. 234.) The Court also granted the Government's Motion for Injunction, in part, requiring that Defendant submit all future *pro se* filings and subpoenas to be pre-screened for compliance by a court-appointed Special Master before they are posted on the docket. (*Id.*) A corresponding order was entered on February 27, 2023. (ECF No. 232.) The order explained that Defendant's self-representation motion was granted, "*provided, however*, that, as explained on the record, any future violations of orders of this Court, or any applicable rules governing the litigation of this matter, may result in [Defendant's] permission to proceed in this matter *pro se* being revoked, along with any other sanctions the Court deems appropriate." (*Id.*) Both on the record and in the order, the Court clearly cautioned that any future violations of the orders of the Court, or any rules governing the litigation of this matter, would result in revocation of Defendant's permission to proceed *pro se*. (*Id.*)

From the time the Court granted Defendant permission to proceed *pro se* on February 22, 2023, until a status conference on April 5, 2023, Defendant filed thirty-six motions totaling

---

[4] *Faretta v. California*, 422 U.S. 806, 821 (1975).

4

approximately seven hundred pages.[5] (*See* ECF Nos. 241, 289.) The motions include several violations of the Court's prior orders, including re-litigation of the law of this case, resulting in the rejection or partial redaction of over half of the submissions by the Special Master. (ECF No. 241-2; ECF No. 289 at Tr. 3:17-4:1.) The volume of Defendant's filings, coupled with Defendant's representation on the record that he would not be prepared to proceed on scheduled May trial date due to limitations of his self-representation he acknowledged when waiving his right to counsel, resulted in this Court pushing the trial of this matter to October. (*See* ECF No. 292.)

Thereafter, Defendant continued to flood the docket with motions, letters, subpoena requests, and other submissions. By the status conference on May 8, 2023, Defendant filed thirty-seven additional submissions. The Special Master recommended eight of the submissions be barred in their entirety and eleven be partially redacted for non-compliance with the Court's February 27, 2023 order. Given the developments in this case, and Defendant's continued non-compliance with the Court's order since Defendant was permitted to proceed *pro se*, the Court, at a status conference on May 8, 2023, on its own motion, reopened the issue of Defendant's self-representation and revoked Defendant's *pro se* status. (ECF No. 294.) This accompanying Opinion follows.

## II. DECISION

It is well-settled that the Sixth Amendment grants a defendant the right to represent himself in a criminal proceeding. *Faretta v. California*, 422 U.S. 806, 821 (1975); *United States v. Peppers*, 302 F.3d 120, 130 (3d Cir. 2002). However, "the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). Because a person cannot secure the right to proceed

---

[5] At an April 5, 2023 status conference, the Special Master reported an additional nine filings submitted that day. (ECF No. 292.)

*pro se* without sacrificing the right to counsel, trial courts have the "weighty responsibility of conducting a sufficiently penetrating inquiry" regarding the defendant's waiver. *Id.* at 130-31; *Buhl v. Cooksey*, 233 F.3d 783, 789 (3d Cir. 2000) ("The trial judge must make a thorough inquiry and . . . take all steps necessary to insure the fullest protection of this constitutional right.") (alterations in original) (citations omitted). But, "when a proper request is made and counsel is waived," the Court must allow a defendant to proceed *pro se*, "even though such a defendant will nearly always be better off with an attorney." *Buhl*, 233 F.3d at 791.

Before allowing a defendant to proceed *pro se*, the Court must first establish the defendant clearly and unequivocally waived his right to counsel. *See Faretta*, 422 U.S. at 835; *Peppers*, 302 F.3d at 132; *Buhl*, 233 F.3d at 789 ("[A] defendant must clearly and unequivocally ask to proceed *pro se*."). A defendant need not "recite some talismanic formula hoping to open the eyes and ears of the court to his request," rather "the law simply requires an affirmative, unequivocal request." *Buhl,* 233 F.3d at 792. If the defendant equivocates, he is presumed to have requested the assistance of counsel. *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989).

In *Buhl,* a criminal defendant filed a written motion to proceed *pro se*, reasserted his intent to proceed as such at a hearing on the motion, and repeatedly expressed frustration with the representation of his counsel. *Id.* at 793. The Third Circuit held, "no reasonable person can say that the request [for self-representation] was not made." *Id.* Once the defendant made the clear and unequivocal request, the Third Circuit held the District Court was obligated to conduct a *Faretta* hearing. *Id.* Here, like in *Buhl*, Defendant made a request to proceed *pro se* in a written motion (ECF No. 174), and further expressed a desire to engage in self-representation during oral argument on January 6, 2023 (ECF No. 217). Defendant's persistent and affirmative requests to

6

proceed *pro se* were sufficient to establish Defendant's clear and unequivocal intent to continue this litigation self-represented. *See Peppers*, 302 F.3d at 132; *Buhl*, 233 F.3d at 791.

After establishing Defendant's clear and unequivocal intent to proceed *pro se,* the Court considered whether the defendant's waiver of the constitutional right to counsel was "voluntary, knowing and intelligent." *Buhl*, 233 F.3d at 789. The inquiry was not meant to evaluate the defendant's "skill, nor the likelihood of mounting a successful defense," but instead, to determine whether the defendant "knowingly, intelligently, and voluntarily waived the right to be represented by counsel." *See Buhl*, 233 F.3d at 791; *see also Peppers*, 302 F.3d at 13. The Court "fully inform[ed] him in some manner of the nature of the charges against him, the possible penalties, and the dangers of self-representation" and "conduct[ed] a colloquy with the accused to determine that the waiver [was] not only voluntary, but also knowing and intelligent." *See id.* (citations omitted); *see also Peppers*, 302 F.3d at 129; *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982).

This inquiry was held on January 6, 2023. (ECF No. 217.) The Court addressed not only the questions explored by the Court in *Faretta*, but also additional issues specific to this case, including limitations of his self-representation, compliance with specific laws of the case, and following the Court's motion schedule.[6] (*Id.* at Tr. 17:15-29:13.) The Government expressed satisfaction with the inquiry and what was put on the record at the hearing. (*Id.* at Tr. 32:7-9.) Defense counsel agreed. (*Id.* at Tr. 33:4-7.) Accordingly, on February 22, 2023, the Court granted

---

[6] *See United States v. Jones*, 452 F.3d 223, 227-29 (3d Cir. 2006) (explaining the District Court must engage in "penetrating and comprehensive examination of all the circumstances" including informing a defendant that he will have to conduct his defense in accordance with the Federal Rules of Evidence and Criminal Procedure; he may be prevented from propounding his strongest defenses due to the lack of his knowledge of law; and the effectiveness of his defense may be diminished by his dual role as both the attorney and the accused).

Defendant's Motion to Proceed *pro se*, and appointed Mr. Schafer as standby counsel, finding Defendant knowingly, voluntarily, and intelligently waived his right to counsel. (ECF No. 234.) A corresponding order was entered on February 23, 2023. (ECF No. 232.) Crucially, both on the record and in the order, the Court cautioned that any future violations of the orders of the Court, or any rules governing the litigation of this matter, would result in revocation of Defendant's permission to proceed *pro se*, and any other sanctions the Court deemed proper. (*Id.*)

Notably, a defendant is entitled to represent himself at trial "only to the extent that he is 'able and willing to abide by rules of procedure and courtroom protocol.'" *United States v. Schwartz*, 315 F. App'x 412, 416 (3d Cir. 2009) (quoting *McKaskle*, 465 U.S. at 173); *see also*, *Faretta*, 422 U.S. at 834. Indeed, a "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 384, n.46. Defendants proceeding *pro se* are not permitted to "abuse the dignity of the courtroom" nor to disregard the "relevant rules of procedural and substantive law." *Id.* While a trial judge is encouraged to refrain from denying a defendant's initial request to represent himself "where disruption is predicted but has not occurred," a defendant's conduct "may prove obstreperous enough to justify denying his request at the outset in some cases" or to justify revoking same. *United States v. Taylor*, 21 F.4th 94, 104 (3d Cir. 2021) (citations omitted). Where a defendant engages in misconduct after affording the defendant the latitude of self-representation, and the Court terminates his *pro se* status, that Court may appoint the defendant's standby counsel to represent the defendant, even over the defendant's objection. *Faretta*, 422 U.S. at 384, n.46; *Thomas v. Carroll*, 581 F.3d 118, 125 (3d Cir. 2009) (acknowledging the principle and citing cases).

Defendant has demonstrated a continued inability to abide by the Court's rules and procedures, such that the Court has no confidence Defendant's intentionally obstructionist misconduct will cease upon the imposition of any other form of relief. While represented by his attorney, Defendant entered a number of *pro se* submissions, despite the Court's explanation on the record and in writing that the Court will not entertain Defendant's *pro se* submissions while represented by counsel. (ECF Nos. 160, 162.) Thereafter, Defendant continued to flood the docket with equally improper *pro se* motions, and related *pro se* letters, responses, and replies. Defendant contended his *pro se* filings were necessary to combat the Government's "false allegations, skewed and distorted facts, and fabricated statements made by the Government against [Defendant]." (ECF No. 174 at 1.) He explained his submissions were intended to get the Court's attention about "the government lies and government corruption . . . [and] [t]here is a lot more that the Court should know that is on the record that has not been entertained because [Defendant] has been represented by Counsel. [Defendant] wants the Judge, this Court, and the public to know the truth." (*Id.* at 2.) In filing after filing, Defendant propounded attacks on the Government and one AUSA in particular, claiming her former employer had given the AUSA a personal stake in his prosecution. Defendant even published personal and private information about the AUSA in a submission posted for public view on the docket. The Court reminded Defendant that his allegations of corruption had been raised, addressed, and settled by this Court. (*See* ECF No. 95.) Both on the record and in an order, the Court cautioned that any violations of the Court's rules, schedules, orders, including re-litigation of matters that have already been determined, would result in revocation of Defendant's permission to proceed *pro se*, if granted, and any other sanctions the Court deemed proper. (ECF Nos 217, 234.)

This Court ultimately granted Defendant's request to proceed *pro se*, despite Defendant's previous non-compliance, after the appropriate assurances were obtained from Defendant and proper warnings were put in place. (ECF No. 232.) Since then, Defendant has continued to flood the docket with motions, letters, and subpoenas, almost half of which were removed or redacted in part by the Special Master, including for re-litigating issues already decided by this Court. His colloquy with the Court regarding the improper re-litigating of issues has demonstrated his continued inability to accept there is a law of the case governing this matter, which must be respected, and any filings or arguments to the contrary are an extreme and unnecessary disruption to the judicial process. *See Taylor*, 21 F.4th at 104 (citing *Finch v. Payne*, 983 F.3d 973, 982 (8th Cir. 2020)). Indeed, his vexatious filings and attempt to re-litigate decided issues has already resulted in the postponement of the trial in this action. The flagrant disregard for the Court's clear instructions, both before and during his self-representation, is a demonstration of Defendant's continued inability to abide by the rules and procedures as necessary to proceed *pro se* in this matter.

This is a complicated case, involving highly sensitive information with a plethora of potential issues that may arise before and at trial, including the necessity for filing additional motions, cross-examination of victims, and limited access to confidential and protected information. Defendant's serious and persistent obstructionist behavior has demonstrated his unwillingness and inability to abide by the rules of procedure and courtroom protocol in much lighter circumstances and under much simpler directions. The Court cannot allow such behavior to further disrespect the judicial process and impede the dignity of the courtroom. *See Taylor*, 21 F.4th at 104-05; *McKaskle*, 465 U.S. at 173; *Faretta*, 422 U.S. at 834; *Schwartz*, 315 F. App'x at 416. Therefore, it is necessary that this Court revoke Defendant's right to self-representation.

### III. CONCLUSION

For the reasons set forth above, the Court's Order granting Defendant permission to proceed *pro se*, with standby counsel (ECF No. 232), is **REVERSED** and Defendant's *pro se* status is revoked. It is further ordered that Defendant's standby counsel, David E. Schafer and Linwood A. Jones, be appointed as defense counsel in this case. All prior submissions filed by Defendant while *pro se* are stricken, and Defendant is enjoined from any further filings. All future motions, letters, subpoenas, and the like, on behalf of Defendant, must go through counsel.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: May 9, 2023