

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Bruce P. Keller*
*Assistant U.S. Attorney*
*Special Counsel to the U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2930*

July 21, 2023

<u>Via ECF</u>

The Honorable Brian R. Martinotti
United States District Judge
Martin Luther King, Jr. Federal
 Building and United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

        Re:   *United States v. Jose Torres*
                 Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

      In a letter to the Clerk of this Court, the Clerk of the Court of Appeals noted that Defendant Jose Torres had erroneously filed with the Third Circuit an "Emergency Petition for an Interlocutory Appeal" and accompanying Appendices. Dkt. #309-1. The Third Circuit's letter requested that the Clerk of this Court treat one page of that filing, the cover page, Dkt. #309, as a notice of appeal. Nonetheless, the Clerk docketed Torres' entire petition and accompanying appendices as his notice of appeal. Dkt. #310. This Court should strike from that docket entry everything other than the cover page transmitted by the Third Circuit, Dkt. #309, for several reasons.

      First, as the Third Circuit's letter implies, given the substance of the petition, the cover page alone will suffice as a notice of appeal from this Court's May 12, 2021 Order, Dkt. #95, denying Torre's motion to disqualify an AUSA in this matter after finding she has neither a conflict nor an appearance of a conflict of interest. *See* Fed. A. App. P. 3(c) (listing requirements for notices of appeals); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Courts will liberally construe the requirements of Rule 3."). The remaining pages are the substantive arguments Torres wants the Court of Appeals, not this Court, to address in his latest (patently improper) interlocutory appeal. So no point is served in keeping that portion of the filing on this Court's docket.

      Second, leaving Torres' substantive *pro se* arguments on the docket would conflict with this Court's recent order enjoining Torres from making "any further

filings," on this docket, "unless through counsel." Dkt. #296 (5/9/23). An unadorned notice of appeal might well enjoy an implicit exception to that otherwise unqualified Order. But nothing supports allowing Torres' unadopted, *pro se*/hybrid merits brief to sit on the docket in violation of that Order. That is especially so when those merits arguments also directly violate, yet again, this Court's ruling that previously decided claims (including the conflict issue resolved over two years ago) not be relitigated. Dkt. #295 at 9.

   Third, Torres' attempt to appeal this Court's conflict ruling is both (i) interlocutory and (ii) more than two years out of time, making dismissal by the Third Circuit inevitable before any merits briefing. *See Flanagan v. United States*, 465 U.S. 259 (1984) (improper interlocutory criminal appeal); *United States v. Muhammud*, 701 F.3d 109 (untimely criminal notice of appeal). There is "no provision, statutory or otherwise, authorizing an interlocutory appeal in a criminal case by means of a district court's 'certification' of a question of law." *United States v. Doucet*, 461 F.2d 1095, 1096 (1st Cir. 1972) (per curiam); *see United States v. White*, 743 F.2d 488, 493 (7th Cir. 1984) ("The [conflict] issue might properly have been one to certify for interlocutory appeal under 28 U.S.C. § 1292(b) but that subsection is applicable only to civil actions."). And the Third Circuit already has denied Torres' mandamus petition seeking to challenge, among other things, this Court's rejection of his conflict claim. *In re Torres*, No. 23-2085, 2023 WL 4540470 (3d Cir. July. 14, 2023). That makes it even more inappropriate to leave those arguments on this Court's docket.

   For all these reasons, the Government requests that this Court strike from the docket all of docket entry 310 except its cover page. Thank you for your consideration of this matter.

                  Respectfully submitted,

                  PHILIP R. SELLINGER
                  United States Attorney

                  *Bruce P. K[eller]*

                  Bruce P. Keller
                  Special Counsel to the U.S. Attorney

cc:  David Schafer, Esq.
    Linwood Jones, Esq.
    (Defense Counsel)

    Dennis Carletta, Esq.
    (Special Master)