

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Shawn Barnes & Emma Spiro*　　　　　　　*970 Broad Street, 7th floor*　　　　973-645-2700
*Assistant United States Attorneys*　　　　*Newark, New Jersey 07102*

September 13, 2023

Hon. Brian R. Martinotti
United States District Judge
United States Post Office & Federal Courthouse
2 Federal Square
Newark, New Jersey 07102

   Re: <u>United States v. Jose Torres</u>
      Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

  This responds to Torres' opposition to the Government's motions *in limine*. Dkt. #343.

### I. The Court Should Exclude Argument or Testimony on Legal and Irrelevant Issues.

  Torres argues that "[n]ow that counsel has returned to trying the case for the defense, they will abide by the rules of evidence and criminal procedure." Dkt. #343 at 3. Regardless of counsels' representations, based on Torres' conduct throughout this case the Government believes trial will proceed much more smoothly if this Court reiterates what it has already told Torres multiple times before: That his arguments and tactics related to alleged prosecutorial misconduct and bias are off limits. This includes that Torres is not allowed to, either from counsel table or during his testimony, raise or argue any of the following:

- the prosecution had some sort of bias towards Torres in initiating this prosecution;

- the prosecutor assigned to the case has a conflict of interest;

- the prosecutors assigned to this case are benefiting financially from the case;

- the prosecutors or agents have manufactured evidence;

- the prosecutors or agents have coerced victims into giving false testimony; and

- the prosecutors and agents have deliberately misused the statute under which Torres was charged, which does not apply to individuals seeking sexual services, making him the only "John" to have ever been prosecuted federally.

Despite the prior resolution of these issues, Torres has made abundantly clear his continued intention to raise these legal and irrelevant allegations at trial. The Government urges this Court to warn Torres that he is not permitted to do so and, should he ignore the Court's warning, that the Court will instruct the jury (1) to ignore the statement made by Torres; (2) that the statement is irrelevant to the jury's determination of guilt or innocence; and (3) that the Court has already found, as a matter of law, that the argument or issue Torres raised is a nullity.

A clear warning will put Torres on notice that such conduct will not be tolerated, especially if done in the presence of the jury and provide clear warning of the ramifications should he refuse to abide by this Court's rules.

## II. Evidence of Torres' text messages to uncharged victims are admissible.

Torres argues that these text messages are cumulative and should remain excluded based on this Court's prior ruling. Dkt. #343 at 1. But as this case has evolved, it has become even clearer they are not cumulative under Rule 403.

That's because, although Torres will stipulate to the "purpose of prostitution" element of his crimes, he refuses to stipulate that he contacted women with the intent that they cross state lines for that purpose. He has changed his prior representation to the Court to essentially contend he did not know that they were located outside of New Jersey when he contacted them and/or that he did not intend to entice them to travel.[1] That makes Torres' intent one of the material issues at trial and the extent to which he repeatedly contacted not only the charged victims, but also other women by text messages that expressly invite them to cross state lines, is highly relevant and not "needlessly cumulative" for purposes of Rule 403.

---

[1] Originally, Torres stated that he would "stipulate to both elements to streamline the trial." ECF # 113, at 6-7. Now Torres has indicated he will only stipulate to the "purpose of prostitution" element.

These other texts are probative, corroborative evidence showing Torres was well aware he was enticing women to cross state lines. *See, e.g*, Text Messages, attached as Exhibits 8, 9 and 11 to Government's Motion (Ex. 8 (Torres requesting Madison to travel to Boston for $35,000); Ex. 9 (Torres requesting "overnight outcall" in NJ for $7,500); Ex. 11 (Asking Ayla to "come to Boston for 3 days for $50,000" . . . "wear thigh high . . . thongs" and "if you do anal and everything I can do $100,000).

Particularly when intent is involved and a defendant contests his knowledge, even evidence much more graphic than text messages soliciting sex has been held not needlessly cumulative when it corroborates other evidence of intent. *United States v. Finley*, 726 F.3d 483, 492-93 (3d Cir. 2013) (upholding admission of child pornography videos where intent was disputed); *United States v. Escalante-Melgar,* 567 F. Supp.3d 485, 494 (D.N.J. 2021) (holding Rule 403 does not preclude the admission of relevant evidence simply because other evidence addresses the same issues).

Because Torres will make an issue of his intent, the text messages to uncharged victims are not excludable as unfairly prejudicial or needlessly cumulative under Rule 403 because they have no undue tendency to cause the jury to decide this case on an improper basis and are in no way gratuitous or needless. *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir.2012) (unfair prejudice requires much more than damage to the opponent's cause); *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002) (multiple prior drug convictions admitted to prove absence of mistake, *i.e.*, to rebut defendant's contention he was an "ignorant go-fer").

Torres correctly notes that, on some issues, this Court prudentially has applied the law of the case doctrine to preclude revisiting fully litigated, argued and decided issues. Dkt. #343 at 1. But when this Court ruled other text messages were cumulative, it was under the impression that Torres' stipulation that he sought women for purposes of prostitution *across state lines* ended the matter. It now is clear it has not, as he continues to parse his intent. The law of the case doctrine is not an "inflexible straitjacket," and when subsequent developments require revisiting an issue, doing so is entirely appropriate. *Speeny v. Rutgers*, 673 F. App'x 149, 152 n.2 (3d Cir. 2016). That's the case here.

### III. Should Torres Testify At Trial, The Government Should Be Permitted To Introduce Prior Acts And Statements Bearing On His Untruthfulness Pursuant To FRE 608.[2]

Torres argues that (1) the Government cannot admit into evidence the text messages and 302 reports which document that Torres lied to uncharged victims on

---

[2] When a defendant takes the witness stand, "he subject[s] his credibility to scrutiny, as do all witnesses." *United States v. Beros*, 833 F.2d 455 (3d Cir. 1987).

prior occasions; and (2) the Holiday Inn records, which are one example of Torres' use of aliases, are hearsay. He's wrong.

First, the Government is not seeking to introduce either the 302 reports or text messages related to uncharged victims as substantive evidence: Rule 608(b) does not permit extrinsic evidence on this issue. Dkt. #335 at 10. Rather, should he take the stand, the Government seeks to cross examine Torres on these clear instances of untruthfulness—his lying to other victims—squarely permissible under FRE 608(b). *See United States v. Davis*, 183 F.3d 231, 257 (3d Cir.), *amended*, 197 F.3d 662 (3d Cir. 1999) (finding that the defendant may be cross examined "about lying to an Internal Affairs officer" because it is probative of his credibility).

Second, although the Government contests that the Holiday Inn records are hearsay, for the purpose of this motion it is not seeking to introduce these records, but again, just to cross examine Torres on the fact that he used multiple aliases. That goes directly to Torres' truthfulness under Rule 608 and is therefore proper grounds of cross examination. *United States v. Lyda,* 321 F.2d 788, 793 (9th Cir. 1963) (witness could be cross-examined about use of a false name; "If a man lie about his own name, might he not tell other lies?"),*United States v. Wilson*, No. 15-CR-94, 2016 WL 2996900, at *4 (D.N.J. May 23, 2016) (permitting Government to cross examine the defendant on his prior use of aliases to law enforcement); *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 351 (S.D.N.Y. 2011) ("[T]he use of aliases and false information is indicative of a witness' character for truthfulness, and evidence of such use is properly admitted under [Rule] 608(b).").

Finally, Torres argues that Judge Kiel's findings that Torres was untruthful with the Court and Pretrial Services are unfairly prejudicial and not relevant to the elements of the statute under which Torres is charged. Although the Government may seek to cross examine Torres on his prior statements to the Court and/or pretrial services, the Government will agree to limit its cross examination to *Torres'* own statements and will not seek to further impeach Torres based on what Judge Kiel concluded about the lack of credibility of those statements.

## IV. The Court Should Require A Proffer Of Defense Witnesses Prior To Trial.

Each of Torres' stated reasons for opposing a proffer is wrong. And Torres' conduct has only gotten worse: as recently as September 13, 2023, the Government received notice that Torres sent subpoenas to two attorneys for the victims as well as attempted to serve a prior boyfriend of a victim. This makes clear that Torres

continues to misuse his subpoena power–even while represented–and proffers of all defense witnesses are necessary before trial.³

### Torres Incorrectly Asserts Rule 103 Proffers Cannot Be Required Before Trial.

Torres repeatedly objects to the Government knowing "prior to trial" the bases for the testimony of his witnesses, including those he subpoenaed. Dkt. #343 at 2. As he understands it, to the extent any proffers are required, that only can occur "*during a trial*, not prior to one." *Id*.

He's wrong about that too. The whole purpose of a pretrial motion *in limine* is to resolve issues at the outset. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (*in limine* literally means "at the threshold; at the very beginning, preliminarily" citing Black's Law Dictionary 708 (5th ed. 1979)). Accordingly, *in limine* motions, including those based on Rule 103(c), can be made at any time, including "***before*** or during ***trial***, ***to exclude anticipated*** prejudicial ***evidence before*** the evidence is actually ***offered.*** *Id*. (emphasis added); *see United States v. Romano*, 849 F.2d 812, 813 n. 2 (3d Cir. 1988) (noting the entry of *in limine* orders that formed the basis of the appeal had been entered "***prior*** to the start of" the second, third and fourth trials and preceded by a hearing on the *in limine* motion) (emphasis added).

### That Torres Has Not Told His Own Counsel The Basis For Calling Witnesses Exacerbates, Rather Than Eliminates, The Need For Proffers.

Torres' counsel seems to suggest that no proffers can be required when they themselves don't know why certain witnesses were subpoenaed (and they don't because some of those witnesses were subpoenaed directly by Torres before he lost his *pro se* status for all sorts of abuses). Dkt. #343 at 2. That's backwards.

Obviously, counsel can, and should, ask Torres to explain those reasons. The failure to do so would seem inconsistent with multiple obligations, including the need to have a good faith basis for asking those witnesses any questions. *United States v. Gravley*, 340 F. App'x 67, 72 (3d Cir. 2009) (not precedential) (noting the obligation to have such a basis with certain witnesses and the district court's "wide latitude" to decide whether a good faith basis for cross exists). It also seems impossible for counsel to discharge their obligations (i) to expedite litigation, RPC 3.2., (ii) of candor to this Court, RPC 3.3, and (iii) fairness (which includes obligations at trial to refrain from

---

³ The Government does not know whether these subpoenas were issued by Torres or counsel for Torres. If this Court has not already, the Government respectfully requests that the Court order the United States Marshals Service to ignore any subpoenas sent by Torres himself.

even alluding to any matter not supported by admissible evidence let alone trying to get such evidence before the jury), without such knowledge.

Simply stated, any failure by counsel to date to confirm why Torres has subpoenaed certain witnesses only heightens the need to know -- right now -- before the witnesses get near the jury, the bases for their offering supposedly relevant and admissible testimony.

### Torres' Attempt To Require The Lawyers for His Victims To Testify About Their Clients' "Truthfulness" Is So Flawed As To Also Require A Rule 104 Hearing.

Torres has issued trial subpoenas to lawyers representing some of his victims. He claims he should be able to do so based on his desire to confront those lawyers at trial regarding the "truthfulness" of any testimony those victims' offer at trial about how Torres treated them. Dkt. #343 at 2.

That raises obvious and immediate privilege and conflict issues, has ample potential to confuse the jury and is a clear misuse of a Rule 17 trial subpoena. It also unnecessarily complicates and delays this matter, because, as Torres' opposition makes clear, he can explore any truthfulness issues with the agents who participated in his victims' "interviews by the FBI and DHS." Dkt. #343 at 2.

Torres' blithe assertion that the defense examination "would not delve into any privileged" issues, *id.*, can't be taken at face value. But even accepting his representation regarding privileged matters does nothing to reduce the other confidentiality and conflict issues that are inherent in making a lawyer a witness against that lawyer's client. At a minimum, Torres' strategy triggers the need for a Rule 104 hearing in order for this Court to decide "whether a witness is qualified, a privilege exists or evidence is admissible." FRE 104(a). Under Rule 104, this Court "must conduct" a hearing on these matters "when justice so requires," FRE 104(c)(3), which is the case here, where it is necessary to ensure any challenges to the testimony of Torres' victims is properly limited to credibility. These concerns would be present in any case when a lawyer is subpoenaed for the avowed purpose of attacking the truthfulness of the lawyer's client. They are far more acute in this case, where Torres has built a long record of vexatious and inappropriate litigation tactics.

But Rule 403 also plays a role here: It allows this Court to exclude the testimony of the lawyers for Torres' victims because, among other things, their testimony will contribute to undue delay and waste time, given that other witnesses -- including the law enforcement agents who already are part of the Government's case – easily can be questioned on the exact same issue in the unlikely event of any inconsistencies between their reports of interviews and the victims' trial testimony. That would avoid the potential to confuse the jury or run the risk of cumulative, and

at this point, entirely premature, evidence. *See United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (until such time as a witness has testified inconsistently, the issue is speculative, and any trial subpoena issued solely on such "speculation" about "the likelihood of that" inconsistency is improper).

Torres' "counsel as witness" strategy is also a clear misuse of a Rule 17 trial subpoena for other reasons already provided to this Court. Dkt. # 236 (motion by counsel for one of the victims to quash). The way to address that is by quashing the subpoena, granting the *in limine* motion for a proffer and holding a Rule 104 hearing, or some combination of those alternatives. In any event, the result should be the same: Torres should be permitted to put his victims' lawyers on the stand only ***after*** any inconsistency, ***after*** using other witnesses to establish the inconsistency and ***after*** a hearing that ensures this Court knows, in advance, what Torres proposes to put before the jury. *Romano*, 849 F.2d at 815 (noting the trial court's duty to guard against jury confusion or prejudice and to attempt to limit the substance of "any proffer that it deems irrelevant" by granting *in limine* motions). Moreover, Torres' purported strategy creates a very substantial risk of undermining the attorney-client privilege based on nothing more than his speculation and wild conjecture. For that reason, unless one or more of the protective alternatives listed above are employed, Torres' use of a trial subpoena will be in furtherance of an improper fishing expedition. *United States v. Berbis*, 4 F.4th 551, 559-60 (7th Cir. 2021) (Rule 17 subpoenas *ad testificandum* are not properly used for material that is "cumulative" or for fishing expeditions).

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

*Emma Spiro*
_____
By:   SHAWN P. BARNES
      EMMA SPIRO
      Assistant U.S. Attorneys

cc.   David Shafer, Esq.
      Linwood Jones, Esq.