<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>JOSE TORRES,<br><br>               Defendant. | Case No. 2:20-cr-00418 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Plaintiff United States of America's (the "Government") Motion to Dismiss Count Four of the Second Superseding Indictment (ECF No. 356.) Defendant Jose Torres ("Defendant") does not oppose this motion. (*See* ECF No. 356 at 1.) Having reviewed the Government's submission and having declined to hold oral argument, and being advised Defendant has no objection to the Government's motion, for the reasons set forth below and for good cause having been shown, the Government's unopposed Motion to Dismiss Count Four of the Second Superseding Indictment (ECF No. 356) is **GRANTED**.

**I.     BACKGROUND**

      The Court incorporates by reference the underlying facts laid out in the Court's July 8, 2022 Opinion. (ECF No. 162.) Defendant's trial is scheduled to commence on October 3, 2023. (ECF No. 297.)

      On September 29, 2023, the Government filed a Motion to Dismiss Count Four of the

Second Superseding Indictment.[1] (ECF No. 356.) The Government states it advised defense counsel of its intent to dismiss this count and defense counsel "indicated that they have no objection to the Government's application in this regard." (ECF No. 356 at 1.) The Government asserts it intends to proceed at trial on the remaining four counts of the Second Superseding Indictment. (*Id.*) The Government also notes it will be submitting updated jury instructions, *voir dire*, and a neutral statement of the case to reflect this modification. (*Id.*)

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). A court's "discretion under Rule 48(a) is severely cabined," and refusal to allow dismissal is appropriate "only in the rarest of cases." *In re Richards*, 213 F.3d 773, 788, 786 (3d Cir. 2000).

## III.   DECISION

The Government moves to dismiss Count Four of the Second Superseding Indictment (ECF No. 356) and, with leave of court, is permitted to do so under Federal Rule of Criminal Procedure 48(a). The Court understands Defendant does not oppose the Government's motion (*see* ECF No. 356 at 1), and the Court does not find any reason to preclude the Government from dismissing Count Four of the Second Superseding Indictment. Therefore, the Government's unopposed Motion to Dismiss Count Four of the Second Superseding Indictment is **GRANTED**.

## IV.   CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss Count Four of the

---

[1] The Government previously moved to dismiss Count Five of the Second Superseding Indictment, which motion the Court granted. (*See* ECF No. 351 at 1, 3; ECF No. 352 at 28–29.)

Second Superseding Indictment (ECF No. 356) is **GRANTED**. An appropriate Order follows.


                                        _/s/ Brian R. Martinotti_
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**

Dated:  October 2, 2023