**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE TORRES,<br><br>　　　　　Defendant. | Case No. 2:20-cr-00418 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff United States of America's (the "Government") motion to strike the words "coercion" and "coerce" from each Count of the Second Superseding Indictment. (ECF No. 357 ("Motion to Strike").) Defendant Jose Torres ("Defendant") does not oppose this motion. (*See* ECF No. 357 at 1.) Having reviewed the Government's submission and having declined to hold oral argument, and being advised Defendant consents to the Government's motion, for the reasons set forth below and for good cause having been shown, the Government's unopposed Motion to Strike (ECF No. 357) is **GRANTED**.

I. **BACKGROUND**

The Court incorporates by reference the underlying facts laid out in the Court's July 8, 2022 Opinion. (ECF No. 162.) Defendant's trial is scheduled to commence on October 3, 2023. (ECF No. 297.)

On October 1, 2023, the Government filed a motion to strike the words "coercion" and "coerce" from each Count of the Second Superseding Indictment (ECF No. 357 ("Motion to Strike").) The Government attached to this motion a revised version of the Second Superseding

Indictment, reflecting this proposed modification.[1] (ECF No. 357-1.) The Government states it consulted with defense counsel who advised Defendant consents to this motion. (ECF No. 357 at 1.) The Government notes the current charges contemplate that Defendant could commit the alleged crimes "by (1) inducing; (2) enticing; (3) persuading or (4) coercing his victims to travel interstate for the purpose of prostitution," but asserts "[i]f the Court grants this motion, the jury will only be instructed on the first three theories: inducing, enticing or persuading." (ECF No. 357 at 1.) The Government states this proposed revision thus "*removes* one way the Defendant could be found guilty: by coercing his victims." (*Id.* (emphasis in original).)

The Government argues the Court should grant its Motion to Strike "in part because the defense consents to the proposed revisions, but also because the Government may elect to narrow a charge in the indictment returned by the grand jury and proceed to trial only on a more limited theory." (ECF No. 357 at 1 (citing *United States v. Miller*, 471 U.S. 130 (1985)).)

**II.   LEGAL STANDARD**

"[A] motion to strike language from an indictment is committed to the sound discretion of the trial court." *United States v. Schweitzer*, No. 03-00451-1, 2004 WL 1535793, at *3 (E.D. Pa. Feb. 26, 2004) (citing *United States v. Jordan*, 626 F.2d 928, 931 n.1 (D.C. Cir. 1980)). *See, e.g.*, *United States v. Maragh*, 532 F. App'x 256, 258 n.4 (3d Cir. 2013) (noting "the District Court granted the Government's motion to, among other things, strike the 'promotion' language from the indictment"); *United States v. Hauck*, No. 11-00130, 2011 WL 13168137, at *2 (M.D. Pa. Apr. 14, 2011) (granting in part defendant's motion to strike surplusage from the indictment and accordingly striking all references to "ammunition" in certain counts of the indictment).

---

[1] The Government also notes it will be submitting updated jury instructions and a neutral statement of the case to reflect this modification. (ECF No. 357 at 2.)

**III.   DECISION**

"An indictment is constructively amended when, in the absence of a formal amendment, the evidence and jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from" that charged in the indictment. *United States v. Daraio*, 445 F.3d 253, 259–60 (3d Cir. 2006) (footnote omitted). "The key inquiry is whether the defendant was convicted of the same conduct for which he was indicted." *Id.* (citation omitted). In other words, "[a]n indictment is constructively amended when trial evidence and jury instructions ***broaden*** the possible bases for conviction beyond those charged in the indictment." *United States v. Hornick,* 491 F. App'x 277, 286 (3d Cir. 2012) (emphasis added) (citing *Miller*, 471 U.S. at 138–39). But "[w]hen trial evidence and jury instructions ***narrow*** the scope of evidence that may be used to prove an offense charged in the indictment, there is no constructive amendment." *Id.* at 286–87 (emphasis added) (citing *Miller*, 471 U.S. at 138–39). The Supreme Court has "held that where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." *Miller*, 471 U.S at 145.

Here, the Government moves to strike the words "coercion" and "coerce" from each Count of the Second Superseding Indictment. (ECF No. 357.) Defendant does not oppose the Government's motion. (*See* ECF No. 357 at 1.) Additionally, case law permits withdrawing from the jury's consideration one alleged method of committing the charged offense—here, removing one way Defendant could be found guilty, i.e., by coercing his victims—as this is not an impermissible amendment of the indictment. *See Miller*, 471 U.S. at 145; *Hornick,* 491 F. App'x at 286–87. This proposed revision, to which Defendant does not object, does not broaden the

3

indictment or charges in any way and does not "modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from" that charged in the indictment. *See Daraio*, 445 F.3d at 259–60. Accordingly, the Government's unopposed Motion to Strike is **GRANTED**.

### IV.   CONCLUSION

For the reasons set forth above, the Government's unopposed Motion to Strike (ECF No. 357) is **GRANTED**, and the words "coercion" and "coerce" are stricken from each Count of the Second Superseding Indictment. An appropriate Order follows.


                                                */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2023