<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00418 (BRM) |
| v. | **OPINION** |
| JOSE TORRES, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are three post-trial motions: (1) *pro se*[1] Defendant Jose Torres's ("Defendant") Letter Motion for Discovery in Preparation for Sentencing (ECF No. 413); (2) Defendant's Motion for Reconsideration (ECF No. 416) of the Court's April 16, 2024 Opinion and Order (ECF Nos. 405, 406); and (3) Defendant's Omnibus Motion (ECF No. 415). The United States of America (the "Government") filed a joint Opposition to all three of Defendant's motions. (ECF No. 417.) Having reviewed the submissions filed in connection with Defendant's motions and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Letter Motion for Discovery in Preparation for Sentencing (ECF No. 413) is **DENIED**, Defendant's Motion for Reconsideration (ECF No. 416) is **DENIED**, and Defendant's Omnibus Motion (ECF No. 415) is **DENIED**.

**I.   BACKGROUND**

The Court incorporates by reference the underlying facts set forth in the Court's July 8, 2022 Opinion. (ECF No. 162.) In the Second Superseding Indictment, Defendant was charged with

---

[1] On April 24, 2024, the Court granted Defendant's application to proceed *pro se*. (ECF No. 408.)

1

four counts[2] of knowingly persuading, inducing, and enticing an individual to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a). (ECF No. 374.) Defendant's criminal jury trial commenced on October 3, 2023 and concluded on October 11, 2023. (See ECF Nos. 379, 380, 381, 382, 383, 384, 385.) The jury found Defendant guilty on all four counts in the Second Superseding Indictment. (See ECF Nos. 372, 373.) Defendant's criminal sentencing is currently scheduled for June 26, 2024.

Defendant previously filed a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. (ECF No. 386.) On April 16, 2024, the Court denied Defendant's motion. (ECF Nos. 405, 406.) On April 26, 2024, Defendant filed a Letter Motion for Discovery in Preparation for Sentencing. (ECF No. 413.[3]) On May 10, 2024, Defendant filed a Motion for Reconsideration of the Court's April 16, 2024 Opinion and Order (ECF No. 416[4]) and an Omnibus Motion (ECF No. 415[5]). On May 13, 2024, the Government filed a joint Opposition to all three of Defendant's motions. (ECF No. 417.)

The Court first addresses Defendant's Letter Motion for Discovery in Preparation for

---

[2] In the Second Superseding Indictment, Defendant was originally charged with six counts of knowingly persuading, inducing, and enticing an individual to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a), but the Government filed unopposed motions to dismiss two of those six counts, which motions the Court granted. (See ECF Nos. 71, 342, 351, 356, 359, 374.) Accordingly, the redacted Second Superseding Indictment reflects the remaining four counts. (ECF No. 374.)

[3] Defendant's Letter Motion is dated April 24, 2024, but was docketed on April 26, 2024. (ECF No. 413.)

[4] Defendant's Motion for Reconsideration is dated April 30, 2024, but was docketed on May 10, 2024. (ECF No. 416.)

[5] Defendant's Omnibus Motion is dated May 4, 2024, but was docketed on May 10, 2024. (ECF No. 415.)

Sentencing, then addresses Defendant's Motion for Reconsideration, and lastly addresses Defendant's Omnibus Motion.

## II. DEFENDANT'S LETTER MOTION FOR CERTAIN POST-TRIAL DISCOVERY

Defendant requests certain post-trial discovery in preparation for sentencing, namely: (1) all notes taken by five specific individuals for each interview conducted with the four "prostitute-witnesses [who] testified at trial and **all** other uncharged prostitutes"; (2) "[c]ellular phone records for Count-1 (Lindsey B.) for her two cellular numbers that she used to communicate . . . with [Defendant]"; and (3) "[d]ocumentation of how Count-3 [Chelsea L.] reached out to her . . . attorneys, including her initial communication with them." (ECF No. 413.) Defendant argues this requested discovery is "vital" to his defense and "supports that there was no violence." (*Id.* at 2.)

The Government contends "[Defendant] is not entitled to reopen discovery simply because his sentencing approaches, especially when the discovery he seeks is directed to the facts of his conviction—not punishment." (ECF No. 417 at 1–2 (citations omitted).) The Government asserts it complied with all of its discovery obligations before trial, produced to Defendant's attorneys[6] all discovery required under Rule 16 and to which they were otherwise entitled, and that there are no other discovery materials to be produced. (*Id.* at 1.)

Here, Defendant does not cite to anything—case law, legal rule, or otherwise—showing he is presently entitled to the requested post-trial discovery. While he titles his request as a "discovery request in preparation for sentencing," his request does not seem to be related to his upcoming sentencing but rather appears to be aimed at obtaining evidence to challenge his conviction. This is not a valid legal basis for obtaining post-conviction discovery. *See United States v. Tykarsky*,

---

[6] Before the Court granted Defendant's application to proceed *pro se* on April 24, 2024, counsel represented Defendant, including representing him at trial.

3

446 F.3d 458, 478 n.15 (3d Cir. 2006) (concluding the district court properly denied defendant's motion for post-conviction discovery where "[t]he primary piece of evidence sought by [him] was a record of a telephone call [he] made to his employer after he was arrested[,]" which he argued would "show that the post-arrest interview took place at a different time than the Government stated at trial"; the court agreed "this was not a proper subject of post-conviction discovery"); *United States v. Matakovich*, No. 16-00073, 2017 WL 3075100, at *2 (W.D. Pa. July 19, 2017) (agreeing with the government's argument that *Brady* material relevant to guilt "is not the appropriate subject of a post-conviction discovery motion"); *see also In re Fed. Grand Jury*, 976 F.2d 733 (6th Cir. 1992) (concluding district court did not abuse its discretion in denying defendant's post-conviction discovery requests, finding defendant "ha[d] no right to engage in discovery prior to filing a motion to vacate his sentence under 28 U.S.C. § 2255").

Additionally, the Government has represented to the Court that it produced to Defendant numerous documents in discovery on multiple occasions, it has complied with all of its discovery obligations, and there are no additional discovery materials to be provided. The Court presumes these discovery materials included any *Brady* material relevant to sentencing, to the extent any such material exists, and that the Government has complied, and will continue to comply, with its discovery obligations. Defendant's prior counsel who represented Defendant before he elected to proceed *pro se* never alleged that they had not received all the discovery required under Federal Rule of Criminal Procedure 16 and/or to which Defendant was otherwise entitled. Defendant also had the opportunity to cross-examine the Government's witnesses in depth at trial. The Court finds Defendant is not entitled to his requested post-conviction discovery in advance of his sentencing.

Therefore, Defendant's Letter Motion for Discovery in Preparation for Sentencing (ECF No. 413) is **DENIED**.

### III.   DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant argues his Motion for Reconsideration of the Court's April 16, 2024 Opinion and Order should be granted because of newly discovered evidence and/or a clear error of law committed by the Court. (*See generally* ECF No. 416.) Among other things, Defendant contends: (1) he is the first "john" to have been convicted of violating 18 U.S.C. § 2422(a); (2) he could not have "entice[d] the prostitute-witnesses because they traveled willing [*sic*] to him at their own expense" and he "did not '***transform or overcome their will***' to engage in prostitution and travel to New Jersey to see [him] as part of their trade"; (3) he is entitled to a new trial because "the *alleged* violence and sexual assaults that were introduced at trial were highly prejudicial, are false, manufactured, irrelevant to the elements of the charged offenses, and were only introduced by the Government to impugn and convict [him] at trial" and "[t]here is no way to know if the jury convicted [him] for persuading, inducing, or enticing or because the alleged sexual assaults where [*sic*] introduced at trial"; (4) the witnesses who testified against him at trial all lied—specifically regarding alleged violence and sexual assault—and are therefore not credible; and (5) "[o]ther than the prostitute-witnesses' false testimony, there was no other evidence that was introduced at trial to corroborate the element of persuade, induce, or entice[.]" (*Id.* at 3–7, 30–32; *see also id.* at 7–30.) The Government contends Defendant does not meet the standard for reconsideration because he "presents no newly discovered evidence or clear error" but instead simply reargues what he has previously argued many times before, including that: (i) "a 'john' cannot be prosecuted under 18 U.S.C. § 2242(a)," (ii) "one cannot persuade, induce or entice a prostitute who is already advertising her services," and (iii) "every witness in the case against him has lied." (ECF No. 417 at 2–3.)

While not expressly authorized by the Federal Rules of Criminal Procedure, motions for

reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i), and the Local Civil Rules supplement the Federal Rules of Criminal Procedure "and are applicable in all proceedings when not inconsistent therewith." L. Civ. R. 1.1(a). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). "[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-02983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (citation omitted)); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under [Local Civil] Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the

following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

Here, in his Motion for Reconsideration, Defendant appears to be challenging his conviction and specifically the sufficiency of the evidence that led to his conviction. (*See generally* ECF No. 416.) To the extent Defendant is attempting to challenge his conviction, that request is denied as not properly before the Court. Further, Defendant has not otherwise demonstrated "(1)

7

an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. Specifically, Defendant's briefing (1) does not raise or show a change in controlling law since April 16, 2024, (2) does not discuss evidence unavailable to the Court at trial or that which has become available between trial and now, and (3) does not demonstrate a clear error of law or manifest injustice. The Court has considered Defendant's submission in support of his Motion for Reconsideration and concludes nothing therein demonstrates a ground for reconsideration of the Court's April 16, 2024 Opinion and Order (ECF Nos. 405, 406). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352).

Therefore, Defendant's Motion for Reconsideration (ECF No. 416) is **DENIED**.

### IV.    DEFENDANT'S OMNIBUS MOTION

Defendant filed an Omnibus Motion requesting the Court do the following: (1) hold a *Fatico* hearing as soon as is possible; (2) provide him funding to hire a mitigation specialist; (3) provide him funding to hire a private investigator to perform pre-sentencing investigation; (4) provide him funding to hire a sexual assault behavioral expert; and (5) postpone sentencing by at least two months. (ECF No. 415.) The Government argues all of Defendant's requests in his omnibus motion fail "because he repeatedly bases them on the incorrect assertions that the trial record either contains no evidence of sexual assaults or is insufficiently developed." (ECF No. 417 at 2 (citations omitted).) The Government asserts that "[t]he trial record in this case provides more than enough evidence (much more than the required preponderance) with which this Court can fashion an appropriate sentence." (*Id.*)

8

The Court briefly addresses Defendant's multiple requests in turn.

### A. Defendant's Request for a *Fatico* Hearing

Defendant contests the draft presentence report ("PSR") and requests a *Fatico* hearing[7] to resolve factual disputes before his criminal sentencing. (ECF No. 415 at 2.) In particular, Defendant disagrees with the proposed sentencing enhancement for aggravated sexual assaults and the separate sentencing enhancement for obstruction of justice because he asserts: (1) there was no evidence of nor credible testimony supporting a finding of sexual assault for any of the four witnesses at trial, and (2) he "testified truthfully to what he recalled given that these incidents took place 4 to 8 years ago" and did not have the "willful intent to provide false testimony" that an obstruction of justice finding requires. (*Id.* at 2–3.) Defendant also states he wants a *Fatico* hearing so he can "call the four prostitute-witnesses and other on[-]call witness to corroborate that the prostitute-witnesses lied at trial and to federal law enforcement." (*Id.* at 3.)

However, the Government argues no evidentiary hearing is needed, whether a *Fatico* hearing or otherwise, because (i) the preponderance of the evidence standard governs; (ii) "the facts on which this Court may resolve issue need only have a 'sufficient indicia of reliability to support probable accuracy'"; and (iii) the issues Defendant seeks to relitigate were addressed during trial. (ECF No. 417 at 2.) Therefore, the Government asserts "the normal sentencing hearing procedures are more than adequate in this case." (*Id.*)

Federal Rule of Criminal Procedure 32(i)(3)(B) provides that district courts "must—for

---

[7] A "*Fatico* hearing" refers to "a sentencing hearing at which the prosecution and the defense may introduce evidence relating to the appropriate sentence." *United States v. Lohan*, 945 F.2d 1214, 1216 (2d Cir. 1991) (citing *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979)). Therefore, the Court construes Defendant's request for a "*Fatico* hearing" (as that term is used in the Second Circuit, in which this Court does not sit), as a request for an evidentiary hearing to resolve purported material factual disputes in advance of his sentencing.

any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32. Accordingly, once a "defendant alleges a factual inaccuracy in his [PSR], the rule places the burden upon the district court to determine whether, as an initial matter, it wishes to rely upon the disputed fact and, if so, whether a hearing is necessary to make a finding upon the disputed matter." *United States v. Furst*, 918 F.2d 400, 408 (3d Cir. 1990). However, a district court is not required to hold an evidentiary hearing every time a defendant disputes a fact in the PSR. *See United States v. Bigica*, 543 F. App'x 239, 244 (3d Cir. 2013) (rejecting defendant's argument that he was entitled to an evidentiary hearing in advance of sentencing because he objected to a paragraph of the PSR, stating Federal Rule of Criminal Procedure 32 "does not make an evidentiary hearing mandatory; it only requires the District Court to either make a finding as to the disputed facts or expressly disclaim use of the disputed facts in sentencing" and finding the court complied with Rule 32 by specifically asking defendant at sentencing "whether there were any factual errors or omissions contained within the PSR that needed to be addressed" and "proceeded to either make findings regarding those alleged inaccuracies or state that it would not consider those facts"); *United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979) ("[W]e do not believe that a sentencing hearing will be necessary every time a defendant disputes facts or statements in the presentence report[.]").

Here, Defendant has not provided any legal basis for why he is entitled to a *Fatico* or other evidentiary hearing before sentencing and also has not explained why the normal sentencing procedures are inadequate. The Sentencing Guidelines are advisory, not mandatory. *United States v. Davis*, 407 F.3d 162, 163 (3d Cir. 2005). Thus, any proposed sentencing enhancements, including the ones here, are also advisory and not binding, and the Court will consider and address

10

these as appropriate at sentencing, along with any related arguments Defendant may choose to make regarding why the proposed enhancements should not apply to him. The Court finds no reason to hold a *Fatico* or other evidentiary hearing prior to Defendant's sentencing.

Therefore, Defendant's request for a *Fatico* or other evidentiary hearing in advance of his sentencing is **DENIED**.

### B. Defendant's Request for Court-Provided Funding

Defendant requests the Court provide him funding for a mitigation specialist, a private investigator, and a sexual assault behavioral expert, asserting: (1) he would like a mitigation specialist because the calculated guideline sentence is 292 to 360 months, and he would like to have the opportunity to persuade the Court "that a sentence of this magnitude is not warranted"[8]; (2) he "would like the Court to assign an independent private investigator outside of the current investigator that has been assigned to his case" because he says he "has repeatedly called the investigator and lead attorney [but they] have not answered [his] phone calls for weeks" and he needs this to be able to develop and implement a sentencing strategy[9]; and (3) he would like a sexual assault behavioral expert "to review the direct and cross examination of the four prostitute-witnesses along with the[ir] lies" and "provide an independent opinion that the prostitute-witnesses' actions are not indicative that there was violence based on his professional experience

---

[8] Defendant also notes that prior to proceeding *pro se*, he "repeatedly requested" his defense counsel to hire a mitigation expert, but no mitigation expert has been hired to date. (ECF No. 415 at 3.) To the extent Defendant was attempting to file a motion for ineffective assistance of counsel related to not hiring a mitigation (or other) expert in preparation for sentencing, that request is denied as not properly before this Court.

[9] Defendant also states he was previously unable "to develop and implement his own sentencing strategy because [he] was represented by counsel" who did not meet with him between October 12, 2023 and April 22, 2024 to discuss any strategy for sentencing. (ECF No. 415 at 4.) To the extent Defendant was attempting to file a motion for ineffective assistance of counsel related to preparation for sentencing, that request is denied as not properly before this Court.

as an expert." (ECF No. 415 at 3–5.) The Government does not address in its Opposition Defendant's requests for funding. (*See* ECF No. 417.)

"In cases where the defendant is 'financially unable to obtain investigative, expert, or other services necessary for adequate representation,' he may request that the court authorize funding." *United States v. Burgos-Montanez*, No. 16-00009, 2023 WL 2770822, at *5 (3d Cir. Apr. 4, 2023) (quoting 18 U.S.C. § 3006A(e)(1)). However, "[t]he defendant must demonstrate with specificity why the expert is required." *Id.* Here, Defendant has not demonstrated with specificity why he needs a mitigation specialist, a private investigator, and a sexual assault behavioral expert. *See Viren v. United States*, Civ. A. No. 17-04335, 2021 WL 918058, at *3–5 (C.D. Ill. Mar. 10, 2021) (noting, on a petition for 28 U.S.C. § 2255 relief, that while other courts "have relied on [18 U.S.C.] § 3006A(e)(1) to authorize funds for experts, investigators, or other services **in habeas proceedings**," the defendant-petitioner failed to meet his burden to show an expert was necessary to his representation, and accordingly denying the defendant's post-conviction request for funding for an expert (emphasis added)). Defendant's case here is not a habeas proceeding, and Defendant has not otherwise provided a sufficient reason and/or a valid legal basis for why he is entitled to the requested funding at this time, post-conviction and pre-sentencing. For example, Defendant's stated reason for needing funding for a mitigation specialist is his desire to persuade the Court that the recommended sentence under the Sentencing Guidelines is not warranted for him, but Defendant does not sufficiently explain why he needs a mitigation specialist to do this, nor does he provide any legal basis for this request. Further, Defendant elected to proceed *pro se* in this case and accordingly he can, should he choose to do so, argue at sentencing why the recommended Guidelines sentence is not warranted for him. Similarly, Defendant's stated reasons for needing funding for a private investigator and for a sexual assault behavioral expert are likewise insufficient

and fail to provide a legal basis for why he is entitled to his requested funding or why it is necessary for his representation post-conviction and pre-sentencing. All the cases to which Defendant cites in support of his requested funding are inapposite to the facts and procedural posture of his case.

Therefore, Defendant's request for the Court to provide him funding for a mitigation specialist, a private investigator, and a sexual assault behavioral expert is **DENIED**.

### C.  Defendant's Request for a Two-Month Adjournment of Sentencing

Defendant requests the Court postpone his sentencing by at least two months so he can have additional time to respond to the Government's Sentencing Memorandum and obtain character letters, among other reasons. (ECF No. 415 at 5.) The Government states Defendant's request for a two-month (or more) adjournment of his sentencing is unnecessary because it will address the issues Defendant raises in its sentencing submission, and after Defendant "responds on June 16 and [it] submits any reply on June 21, the Government believes the Court will have all it needs to make the requisite Rule 32(i)(3) determinations." (ECF No. 417 at 2.)

The Court has postponed Defendant's sentencing by three weeks from June 5, 2024 to June 26, 2024 and finds that a further postponement is not warranted at this time. Defendant does not explain why he will not be able to respond to the Government's Sentencing Memorandum in time, nor does Defendant state from whom he intends to seek character letters or why those unidentified individuals will not be able to submit a character letter by his sentencing date.

Therefore, Defendant's Omnibus Motion (ECF No. 415) is **DENIED** in its entirety.

### V.  CONCLUSION

For the reasons set forth above, Defendant's Letter Motion for Discovery in Preparation for Sentencing (ECF No. 413) is **DENIED**, Defendant's Motion for Reconsideration (ECF No.

416) is **DENIED**, and Defendant's Omnibus Motion (ECF No. 415) is **DENIED**. An appropriate Order follows.

>  */s/ Brian R. Martinotti*
>  **HON. BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**

Dated: May 21, 2024