United States  6/8/2024
    v.
Jose Torres   Case No. 20-cr-418 (BRM)

## Legal Argument for Reconsideration of Request for Additional Time to Prepare for Sentencing

### Introduction

The undersigned, a pro se defendant, respectfully submits this motion for reconsideration of the court's denial of my request for additional time to prepare for sentencing. As outlined below, the original denial fails to adequately address key factors that impact my ability to effectively prepare for my sentencing hearing. The factors include my status as a pro se defendant, no or extreme lack of library access, ability to print documents in preparation for sentencing and that will be referred to during sentencing, the complexity of the case, the need for adequate preparation time to present mitigating factors and the interest of justice. Therefore, I respectfully request that the court reconsider its decision and grant additional time to ensure a fair and just sentencing process.

## Complete [or Extreme] Lack of Access to a Law Library and Zero Ability to Print Material In Preparation for Sentencing

Jose Torres has had no [meaningful] access to a law library and to print documents in preparation for sentencing since Tuesday June 4th 2024. Torres has been locked in a cell since then.

## Pro Se Status and the Right to Adequate Preparation Time

As a pro se defendant I do not possess the professional legal expertise and resources available to a represented defendant. The Sixth Amendment guarantees the right to a fair trial, which encompasses the right to adequate time for preparation, especially for those who choose to represent themselves. In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court emphasized that a defendant who elects to proceed pro se must be afforded the necessary tools to prepare an adequate defense. Denying additional preparation time undermines this principle and places me at a severe disadvantage, jeopardizing my ability to effectively present mitigating factors and argue for a fair sentence.

## Complexity of the Case and Volume of Evidence

The case at hand involves intricate legal and factual issues, compounded by a substantial volume of evidence and documentation. The complexity necessitates careful review and analysis, tasks that are particularly challenging without legal assistance. As established in Powell v. Alabama, 287 U.S. 45 (1932), the Supreme Court recognized the need for sufficient time for defendants to investigate and prepare their cases adequately. Without additional time, my ability to thoroughly review the evidence, understand the legal nuances, and develop cogent arguments is severely hindered.

## Importance of Mitigating Factors

Presenting mitigating factors is crucial in the sentencing phase as recognized in Lockett v. Ohio, 438 U.S. 586 (1978). The court must consider any aspect of the defendant's character or record that might warrant a lesser sentence. In my case, several mitigating factors need to be thoroughly researched, documented and presented, including personal history, potential for rehabilitation and any extenuating circumstances related to the offense. The denial of additional preparation time restricts my ability to compile and present this critical information effectively.

## Interests of Justice

Granting additional time for sentencing preparation aligns with the broader interests of justice. The primary objective of the criminal justice system is to ensure fair and just outcomes. In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court underscored that delays in the legal process must be weighed against the right to a fair trial. Here, a brief extension will not result in undue delay or prejudice to the prosecution. Conversely, denying the extension risks an unjust sentencing outcome, thereby undermining the integrity of the judicial process.

## Precedent for Granting Extensions

There is ample precedent for courts granting extensions to ensure defendants have sufficient time to prepare. In United States v. Gouveia, 467 U.S. 180 (1984), the Court acknowledged that the timing of critical stages in a critical proceeding must allow the defendant a reasonable opportunity to prepare. Additionally, in Morris v. Slappy, 461 U.S. 1 (1983), the Court recognized the importance of preparation time is even more pronounced to offset the inherent disadvantages of self-representation.

## Conclusions

In light of the foregoing arguments, the undersigned respectfully requests that this Court reconsider its denial of the request for additional time to prepare for sentencing. The complexity of the case, the importance of presenting mitigating factors, and the fundamental right to adequate preparation time, especially for a pro se defendant, all weigh heavily in favor of granting the requested extension. Ensuring sufficient preparation time is not only a matter of fairness but also a necessary step to uphold the integrity of the judicial process and secure a just outcome.

Respectfully Submitted,

Jose Torres
Pro Se Defendant

Jose Torres
ECF
354 Doremus Avenue
Newark, NJ 07105

Court Clerk
50 Walnut Street
Newark, NJ 07102

2024 JUN 17 A 10:46
CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED