**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:20-cr-00418 (BRM) |
| JOSE TORRES, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Jose Torres's ("Defendant") Letter Motion for Reconsideration (ECF No. 430) of the Court's May 21, 2024 denial of his request for an at-least-two-month adjournment of his sentencing (ECF No. 421). The United States of America (the "Government") filed an Opposition. (ECF No. 431.) Having reviewed the submissions filed in connection with Defendant's Letter Motion and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Letter Motion for Reconsideration (ECF No. 430) is **DENIED**.

**I.     BACKGROUND**

The Court incorporates by reference the underlying facts set forth in the Court's July 8, 2022 Opinion. (ECF No. 162.) In the Second Superseding Indictment, Defendant was charged with four counts[1] of knowingly persuading, inducing, and enticing an individual to travel in interstate

---

[1] In the Second Superseding Indictment, Defendant was originally charged with six counts of knowingly persuading, inducing, and enticing an individual to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a), but the Government filed unopposed motions to dismiss two of those six counts, which motions the Court granted. (See ECF Nos. 71, 342, 351, 356, 359, 374.) Accordingly, the redacted Second Superseding Indictment reflects the remaining four counts. (ECF No. 374.)

commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a). (ECF No. 374.) Defendant's criminal jury trial commenced on October 3, 2023 and concluded on October 11, 2023. (See ECF Nos. 379, 380, 381, 382, 383, 384, 385.) The jury found Defendant guilty on all four counts in the Second Superseding Indictment. (See ECF Nos. 372, 373.) Defendant's sentencing is currently scheduled for June 26, 2024.

On June 17, 2024, Defendant filed a Letter Motion for Reconsideration (ECF No. 430[2]) of the Court's May 21, 2024 denial of his request for an at-least-two-month adjournment of his sentencing (ECF No. 421). On June 18, 2024, the Government filed an Opposition. (ECF No. 431.) Also on June 18, 2024, Defendant filed a subsequent letter with the Court requesting the Court to order the jail to provide him with access to the law library and allow him to print documents so he can prepare for his sentencing. (ECF No. 432.[3]) On June 20, 2024, the Government filed a response to Defendant's subsequent letter. (ECF No. 433.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i), and the Local Civil Rules supplement the Federal Rules of Criminal Procedure "and are applicable in all proceedings when not inconsistent therewith." L. Civ. R. 1.1(a). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). "[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215

---

[2] Defendant's Letter Motion is dated June 8, 2024 but was received and docketed on June 17, 2024. (*See* ECF No. 430.)

[3] Defendant's letter is dated June 12, 2024 but was received and docketed on June 18, 2024. (*See* ECF No. 432.)

F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-02983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (citation omitted)); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under [Local Civil] Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United*

3

*States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

### III. DECISION

Defendant requests the Court reconsider its denial of his prior request for a further adjournment of his sentencing so he can have more time to prepare for his sentencing. (*See generally* ECF No. 430.) Defendant states that his status as an incarcerated *pro se* defendant restricts his ability to prepare for sentencing because, among other things, he has limited, if any, access to a law library and the ability to print documents. (*Id.* at 1–3; *see also* ECF No. 432.) Defendant asserts he needs more time to research potential mitigating factors, "thoroughly review the evidence, understand the legal nuances, and develop cogent arguments" related to sentencing. (ECF No. 430 at 4–5.) Additionally, Defendant argues that a brief postponement of his sentencing will not result in undue delay or cause prejudice to the Government, but a denial of a brief

postponement of his sentencing would prejudice him and would be unjust. (*Id.* at 6.)

In opposition, the Government contends Defendant's renewed request to postpone his sentencing should be denied because it does not meet the standard for reconsideration motions and otherwise lacks substantive merit. (ECF No. 431 at 1.) The Government asserts Defendant insisted on proceeding *pro se* "over the Court's warnings and after a detailed colloquy advising him of the downsides of doing so" and he should not be able to now claim that he needs more time to prepare because he is *pro se*. (*Id.* at 1–2.) Further, the Government argues Defendant has had sufficient time to prepare for his sentencing because he received permission to proceed *pro se* back on April 23, 2024, approximately two months ago, and also has two Court-appointed standby counsel with whom he can consult regarding his upcoming sentencing if he so chooses. (*Id.* at 2.) The Government also contends the evidence has remained the same since trial, "nothing has changed to make this case more complex at sentencing than it was through trial," and there has not been any change in Defendant's "history, extenuating circumstances or the other personal factors he hopes to use as mitigation." (*Id.*) Additionally, the Government submits the other important sentencing goals including deterrence, respect for the law, and protection of the public will suffer as a result of any further delay. (*Id.*) The Government submits that nothing warrants yet another adjournment of Defendant's sentencing at this time and such an adjournment "would be unnecessary and improper." (*Id.* at 3.)

Here, Defendant (1) has not demonstrated a change in controlling law since the May 21, 2024 decision, (2) does not discuss evidence unavailable to the Court at trial or that which has become available between trial and now, and (3) does not demonstrate a clear error of law or manifest injustice. Accordingly, Defendant has not met the standard for a motion for reconsideration *See Max's Seafood Café*, 176 F.3d at 677.

5

Further, the Court does not find that another postponement of Defendant's sentencing is warranted. "[A] district court has 'wide latitude in arranging [its] schedule,' [and] may exercise discretion when disposing of a motion for an adjournment or continuance." *United States v. Gomez*, 772 F. App'x 15, 20 (3d Cir. 2019) (citation omitted); *see also United States v. Booth*, 996 F.2d 1395, 1397–98 (2d Cir. 1993) ("A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied." (citations omitted)). "When presented with a motion for continuance, a court should consider the following factors: the efficient administration of criminal justice, the accused's rights, and the rights of other defendants whose trials may be delayed as a result of the continuance." *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007) (citing *United States v. Fischbach & Moore, Inc.*, 750 F.2d 1183 (3d Cir. 1984)). In considering these factors as applied to Defendant's case, the Court does not find a further postponement of Defendant's sentencing is warranted. Defendant's sentencing was originally scheduled for April 23, 2024, which the Court adjourned to June 5, 2024 and then subsequently adjourned to June 26, 2024. On April 23, 2024, Defendant voluntarily, knowingly, and intelligently elected to proceed *pro se* following a detailed colloquy advising him of the risks and downsides of doing so. (*See* ECF Nos. 407, 408, 414.) *See also Faretta v. California*, 422 U.S. 806, 834 (1975) ("The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" (citation omitted)). Since the Court granted

Defendant's application to proceed *pro se* on April 24, 2024, Defendant has had nearly two months to prepare for his sentencing, not including the five-plus months between the end of his trial in October 2023 and his original sentencing date, during which time he was represented by counsel.

Additionally, on April 23, 2024, Defendant submitted his detailed objections to the draft presentence report ("PSR") (ECF No. 419-3), and on June 14, 2024, Defendant submitted his lengthy Sentencing Memorandum and related materials to the Court, which further suggests he is not without adequate and sufficient resources to prepare for his upcoming sentencing (*see* ECF No. 426).[4] *See also United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007) (affirming district court's denial of defendant's requested continuance of his sentencing, finding this denial "was neither arbitrary nor prejudicial"); *United States v. St. Clair*, 6 F. App'x 410, 413 (7th Cir. 2001) (finding district court did not abuse its discretion when it denied a defendant's motion for a continuance of his sentencing hearing, noting "counsel had approximately two months to prepare for [the] sentencing, had already been granted one continuance, and had sufficient time to prepare thirteen detailed objections to the PSR's restitution calculations"). Having considered Defendant's submissions in support of his Letter Motion for Reconsideration, the Court concludes nothing

---

[4] The Government also notes in its response to Defendant's June 18, 2024 letter that Defendant's claim he is being denied access to the law library materials he needs to prepare for his sentencing is untrue and that "[t]o the contrary, a Government investigator who visited his detention center has confirmed [Defendant] is still accessing law library materials electronically through the computer tablet he (and other inmates) regularly use." (ECF No. 433 at 1.) Additionally, the Government states it also recently learned Defendant "has found the time, flexibility and resources to distribute, on multiple platforms, numerous slickly produced videos proclaiming the supposed unfairness of the trial and long sentence he faces." (*Id.* (citations omitted).) These and other factors discussed herein undermine Defendant's argument that he needs more time to prepare for his sentencing and that he has no access to the law library. Indeed, Defendant's recent sentencing-related submissions to the Court appear to suggest that Defendant has adequate access to the law library and other materials he needs to prepare for sentencing. Defendant has not otherwise shown he is being denied adequate access to the law library. Accordingly, Defendant's letter request for the Court to order the jail to provide him with access to the law library and allow him to print documents so he can prepare for his sentencing (ECF No. 432) is **DENIED**.

7

therein demonstrates a ground for reconsideration of the Court's denial of a further postponement of Defendant's sentencing in its May 21, 2024 Opinion and Order (ECF Nos. 421, 422).

Therefore, Defendant's Letter Motion for Reconsideration is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Letter Motion for Reconsideration (ECF No. 430) is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 21, 2024