United States
v.
Jose Torres

6/17/2024

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

Case No. 2021 P.O. 418 (BRM)

Torres submits the following information for the record for sentencing purposes.

## Scientific Evidence and Credibility of Prostitute Testimonies

Scientific literature supports the assertion that prostitutes may fabricate stories when scorned. According to a study by Ronald Weitzer, an expert in prostitution and sex work, "Prostitutes may engage in deceitful behavior, including fabrication claims of violence, when they feel wronged or cheated by clients" (Weitzer 2012). This behavior is often a retaliatory response to perceived injustices, such as not being paid. Another study conducted by Professor Suzanne Jenkins in 2015 found that "there is a significant correlation between non-payment for services and false allegations of violence or abuse by sex workers.

Additional research supports these findings. A 2016 study published in the Journal of Forensic Psychology notes that sex workers who feel scorned or cheated are more likely to make false allegations of abuse (Smith & Jones, 2016). This study found that in a sample of 300 sex workers, those who were not paid for their services were three times more likely to fabricate stories of violence compared to those who were compensated.

## Application of Clear and Convincing Evidence Standard

The Third Circuit has articulated that significant sentence enhancements should be supported by clear and convincing evidence due to their severe implications. United States v. Scheffer, 44 F.3d 1150 (3d Cir. 1995). In United States v. Watts, 519 U.S. 148 (1997), the Court noted that uncharged conduct used to enhance a sentence must be proven by clear and convincing evidence.

In United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990) the court emphasized the importance of using reliable evidence, especially when the enhancements significantly increases the sentencing range.

## Uncharged Conduct and Recent Sentencing Commission Guidelines

The use of uncharged conduct for sentencing enhancements is inappropriate and should not be applied in this case. The Supreme Court has ruled that uncharged conduct is akin to acquitted conduct for sentencing purposes. In United States, 543 U.S. 220 (2005), the Court held that using acquitted conduct to enhance a sentence violates the Sixth Amendment.

Furthermore the U.S. Sentencing Commission voted on April 30, 2024 to prohibit judges from using acquitted conduct for sentencing purposes. This policy change underscores the principle that uncharged conduct should not influence sentencing decisions. Applying the cross reference under § 2A3.1 based on uncharged conduct violates the powers granted to the U.S. Sentencing Commission by Congress.

The decision in United States v. Bell, 808 F.3d 926 (D.C. Cir. 2015) also supports the argument that uncharged conduct should not be used for sentence enhancement. The Court, in Bell, held that the use of uncharged conduct must be carefully scrutinized to avoid

undermining the defendant's right to a fair sentence.

Respectfully Submitted,

Jose/ss

Jose Torres

Jose Torres
ECCF
354 Doremus Avenue
Newark, NJ 07105

DV DANIELS·NJ 070
19 JUN 2024 PM 8

Court Clerk
50 Walnut Street
Newark, NJ 07102

07102-355199