

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Bruce P. Keller*
*Assistant U.S. Attorney*
*Special Counsel to the U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2930*

July 17, 2024

Hon. Brian R. Martinotti
United States District Judge
United States Post Office and
Federal Courthouse
2 Federal Square
Newark, New Jersey 07102
BY EMAIL

Re: *United States v. Jose Torres*
Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

Torres has filed a motion to unseal all sealed, docketed documents in this case. Dkt. #450 at 1. The Government opposes that motion because the relief it seeks is improperly overbroad and violates the rules against disclosure of personally identifying information. Nor does Torres' interest in having documents unsealed support such sweeping relief. Unlike the public access cases on which he relies, Torres always has had, and continues to have, all the access he needs to all the documents filed in this case, whether sealed or not. There is, however, an alternative, which the Government spells out below, that could result in the unsealing of docketed documents by stipulation, without the need to involve the Court in additional motion practice.

To begin, it is worth noting that, reading Torres' motion, one would think he does not understand the reason certain materials were sealed. Of course he does: It was principally to guard against the improper disclosure of personal identifying information, prohibited under both the Federal Rules of Criminal Procedure (49.1) and the local rules (5.2). In particular, the latter specifically cautions that extra care must be exercised in connection with documents disclosing "[i]nformation regarding the victim of any criminal activity." Local Civ. Rule 5.2(17).

Th0se privacy concerns, present in any criminal case, were particularly acute here. Torres has displayed a consistent disregard for those rules, having disclosed specific residence information beyond that which is allowed, *see e.g.*, Dkt. #391 at 5, and publicizing the personal telephone numbers of his sex worker victims, *see e.g.,*

Dkt. #392 at 1, to take but two examples. Torres' contention there is no basis for these and other similar filings to remain under seal, Dkt. #450 at 1, when his previous violations of privacy interests have been brought to his attention, is disingenuous at best.

That said, Torres now has been convicted at trial in an open proceeding at which many details about his crimes (including the full first name and first initial of the last name of four of his victims, as well as the sexual acts to which he subjected them), previously not publicly available, came to light. The Government believes that development now narrows the scope of information that appropriately should remain under seal to that specifically protected by the rules.

Accordingly, as contemplated by the rules, the Government proposes the following expeditious procedure:

- Torres identifies for his stand-by counsel the specific documents he believes no longer should remain under seal;
- Stand-by counsel sends those documents, with proposed redactions consistent with the rules, to the Government for review;
- The Government reviews those proposed redactions and, to the extent necessary, reaches agreement with stand-by counsel on any others that are required;
- The parties submit their joint proposed redacted documents to the Court for its review with an appropriate stipulation that they be added to the docket in lieu of the ones that remain completely sealed.

Notwithstanding Torres' notice of appeal, this Court retains jurisdiction to address these issues under the exception to the general rule that once a notice of appeal is filed, jurisdiction is no longer vested in the district court. Making redacted copies of flings available on the docket is a type of order regarding the record on appeal, which this Court may continue to issue. *Bensalem Township v. International Surplus Lines Ins. Co,*. 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994).

Accordingly, this Court should deny Torres' motion and, instead, order the Government and Torres' standby counsel to follow the process set forth above so that appropriately redacted copies of sealed documents can be made available on the docket.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: BRUCE P. KELLER
Assistant U.S. Attorney

cc. David Schafer, Esq. & Linwood Jones, Esq. (by email)

So Ordered:

Hon. Brian R. Martinotti