

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Bruce P. Keller*
*Assistant U.S. Attorney*
*Special Counsel to the U.S. Attorney*

*970 Broad Street, 7th floor*          *973-645-2930*
*Newark, New Jersey 07102*

July 16, 2024

Hon. Brian R. Martinotti
United States District Judge
United States Post Office and
      Federal Courthouse
2 Federal Square
Newark, New Jersey 07102
BY EMAIL

Re:    *United States v. Jose Torres*
       Crim. No. 20-418 (BRM)

Dear Judge Martinotti:

This briefly responds to Torres' latest docketed submissions, Dkt. ##447 and 448, and his undocketed Rule 35 motion (dated July 1, but the Government's copy of which is post-marked July 10, 2024).

**First**, this Court need not address Torres' request to appear *pro se* for purposes of forfeiture-related matters, Dkt. #447, because the Government now has decided it will not seek forfeiture. It is finalizing an inventory of items seized in connection with Torres' arrest, but, other than those introduced as exhibits at trial, *see e.g.*, Exs. 714 (driver's license), 900, 901 (phones), which it will retain until resolution of his direct appeal, plans to return everything else remaining in its possession. Pursuant to this Court's direction, *see* Dkt. #446 at 65 ("Go through standby counsel"), the Government will work with stand-by counsel to accomplish the return and, by copy of this letter, requests they confer with Torres and advise where he wants the remaining items sent.

**Second**, Torres' claim he somehow was deprived of an opportunity to address the Court at his June 26 sentencing about the extent to which he violently assaulted his victims, Dkt. #448 at 2, has no merit. If categorized as a non-Guideline objection to his PSR, on that issue Torres stated at sentencing he had "[n]othing" to add to his voluminous submissions. Dkt. #446 at 11.

Alternatively, if considered either as (i) a Guidelines calculation, (ii) in connection with the § 3553(a) analysis or (iii) as part of what he agreed was a last-

minute request for a downward variance, *id*. at 26, Torres, free to say much more, chose to voluntarily relinquish the full sixty minutes he had been allotted ("Judge, I'm not going to consume an hour on this," *id*. at 26). He elected to rely instead on general denials and rhetorical questions: "Where's the proof? Where's a picture? Where's a medical report? Where's a police report? Where's anything?" *id*. at 19, "[y]ou are not able to prove any sexual assaults, no physical abuse, no medical reports, no police reports, no nothing. Words from escorts. That's all we have," *id*. at 20, "[a]gain I have not engaged in aggravated sexual assault," *id*. at 24, [t]here's nothing to corroborate any of these assaults," *id*. at 25, "who does this [refuse a rape kit] that has been sexually assaulted?" *id*. at 45, "[t]here are only eight individuals that make allegations of violence," *id*. at 65, and "I never assaulted anyone," *id*. at 66. The suggestion that Torres has not exhaustively covered that issue or any others is especially baseless given the totality of his written submissions, which greatly exceed the page limitations the Court contemplated. *See e.g.*, Dkt. #448 (adding over 50 pages to the already extensive record without raising anything substantively new). Additional efforts by Torres' to deny testimony the jury was instructed to consider and found credible are superfluous. Dkt. #446 at 49-51 (summarizing the crucial testimony it accepted as true).

*Third*, Torres has docketed a notice of appeal from his judgment of conviction. Dkt. #445. That's an event of jurisdictional significance, conferring jurisdiction on the court of appeals and divesting the district court of its control over those aspects of the case involved in the appeal. *United States v. Jackson*, 2023 WL 5994640, at *2 (D.N. J. Sept. 15, 2023). To the extent additional district court filings by Torres seek to relitigate his conviction and sentence, they are nullities.

Although Federal Rule Appellate Procedure 4(b)(5) carves out an exception to that rule for Torres' motion to correct his sentence, this Court's Rule 35 jurisdiction to address that motion expired on July 10, 2024, 14 days after the day on which his sentence was announced. *United States v. Herd*, 2021 WL 82256, at *2 (D.N.J. Jan. 8, 2021) (district court lacks all authority to act outside this period). Nothing tolls that strict limitation.

> Respectfully submitted,
>
> PHILIP R. SELLINGER
> United States Attorney
>
>
> By:    BRUCE P. KELLER
>        Assistant U.S. Attorney

cc.    David Schafer, Esq. & Linwood Jones, Esq. (by email)