**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE TORRES,<br><br>Defendant. | Case No. 2:20-cr-00418 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Defendant Jose Torres's ("Defendant") three post-trial letter motions: (1) Defendant's Letter Motion[1] requesting he be able to represent himself for all forfeiture-related matters (ECF No. 447); (2) Defendant's Letter Motion to Correct His Sentence, pursuant to Federal Rule of Criminal Procedure 35(a) (ECF No. 449); and (3) Defendant's Letter Motion to Unseal All Documents (ECF No. 450). The United States of America (the "Government") filed a joint opposition to Defendant's Letter Motion requesting he be able to represent himself for all forfeiture-related matters and Defendant's Letter Motion to Correct His Sentence (ECF No. 453) and filed a separate opposition to Defendant's Letter Motion to Unseal All Documents (ECF No. 452). Having reviewed the submissions filed in connection with Defendant's letter motions and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Letter Motion requesting he be able to represent himself for all forfeiture-related matters (ECF No. 447) is **DENIED AS MOOT**;

---

[1] The Court construes Defendant's letter request filed at ECF No. 447 as a letter motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'" (citation omitted)); *Sampson v. Bergen Cnty. Prosecutors Off.*, Civ. A. No. 23-02425, 2024 WL 3177776, at *1 (3d Cir. June 26, 2024) ("We construe [the appellant's] *pro se* filings liberally.").

1

Defendant's Letter Motion to Correct Sentence (ECF No. 449) is **DENIED**; and Defendant's Letter Motion to Unseal All Documents (ECF No. 450) is **DENIED**.

**I.       BACKGROUND**

The Court incorporates by reference the underlying facts set forth in the Court's July 8, 2022 and April 16, 2024 Opinions. (ECF Nos. 162, 405.) On June 26, 2024, the Court sentenced Defendant to a term of imprisonment of 311 months—240 months on each of Counts 1, 3, and 6 of the Second Superseding Indictment, to run concurrently, and 71 months on Count 2 of the Second Superseding Indictment, to run consecutively to all other counts. (*See* ECF Nos. 440, 446.) On July 3, 2024, Defendant filed a Notice of Appeal with the Third Circuit Court of Appeals challenging his sentence. (ECF No. 451.[2])

On June 28, 2024, Defendant filed a letter requesting he be able to represent himself for all forfeiture-related matters. (ECF No. 447.[3]) On July 1, 2024, Defendant filed a Letter Motion to Correct His Sentence, pursuant to Rule 35(a). (ECF No. 449.[4]) On July 6, 2024, Defendant filed a Letter Motion to Unseal All Documents. (ECF No. 450.[5]) On July 16, 2024, the Government filed a joint opposition to Defendant's Letter Motion requesting he be able to represent himself for all

---

[2] Defendant's Notice of Appeal is dated July 3, 2024 but was received and docketed on July 15, 2024. (*See* ECF No. 451.)

[3] Defendant's Letter Motion is dated June 28, 2024 but was received and docketed on July 9, 2024. (*See* ECF No. 447.)

[4] Defendant's Letter Motion is dated July 1, 2024 but was received and docketed on July 15, 2024. (*See* ECF No. 449.)

[5] Defendant's Letter Motion is dated July 6, 2024 but was received and docketed on July 15, 2024. (*See* ECF No. 450.)

forfeiture-related matters and Defendant's Letter Motion to Correct His Sentence. (ECF No. 453.[6]) On July 17, 2024, the Government filed a separate opposition to Defendant's Letter Motion to Unseal All Documents. (ECF No. 452.)

## II. DECISION

The Court addresses each of Defendant's three letter motions in turn.

### A. Defendant's Letter Motion Regarding Forfeiture Proceedings

Defendant filed a letter with the Court stating he "would like to represent [himself] for all forfeiture related matters and not [his] standby counsel[.]" (ECF No. 447.) The Government contends "this Court need not address [Defendant's] request to appear *pro se* for purposes of forfeiture-related matters [] because the Government now has decided it will not seek forfeiture." (ECF No. 453 at 1.) Because the Government has represented to the Court that it will not be seeking forfeiture, Defendant's Letter Motion requesting he be able to represent himself for all forfeiture-related matters is **DENIED AS MOOT**.

### B. Defendant's Letter Motion to Correct His Sentence

Defendant argues the Court inappropriately applied the cross-reference to criminal sexual abuse (*i.e.*, U.S. Sent'g Guidelines Manual § 2A3.1) in sentencing him on June 26, 2024. (ECF No. 449 at 1.) Defendant appears to contend the Court should not have applied this cross-reference because sexual abuse was not proved at trial and that doing so was clear error. (*Id.* at 2.) Accordingly, Defendant requests the Court re-sentence him without this cross-reference. (*Id.*)

In opposition, the Government argues Defendant's assertion that he was denied an opportunity to address his assault of the victims at his sentencing has no merit. (ECF No. 453 at

---

[6] The Government's opposition was submitted to the Court on July 16, 2024 but was filed on the docket on July 22, 2024. (*See* ECF No. 453.)

1.) First, the Government submits that if considered as a non-Guideline objection to his PSR, Defendant stated at sentencing that he had "[n]othing" to add to his sentencing submissions. (*Id.* (quoting ECF No. 446 at 11).) Second, the Government contends that if considered as a Guidelines calculation in connection with the Section 3553(a) analysis or as part of what Defendant agreed was a request for a downward variance, Defendant "chose to voluntarily relinquish the full sixty minutes he had been allotted" and "elected to rely instead on general denials and rhetorical questions[.]" (*Id.* at 1–2 (citing ECF No. 446 at 19–26, 45, 65–66).) Third, the Government notes Defendant has filed a notice of appeal from his judgment of conviction, divesting the Court of its jurisdiction over aspects of this case related to Defendant's appeal. (*Id.* at 2 (citing *United States v. Jackson*, Civ. A. No. 13-00290, 2023 WL 5994640, at *2 (D.N.J. Sept. 15, 2023)).) The Government asserts that "[a]lthough Federal Rule of Appellate Procedure 4(b)(5) carves out an exception to that rule for [Defendant's] motion to correct his sentence, this Court's Rule 35 jurisdiction to address that motion expired on July 10, 2024, 14 days after the day on which [Defendant's] sentence was announced." (*Id.*) The Government submits nothing tolls this strict jurisdictional limitation. (*Id.*)

"Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This provision is a narrow one—a district court "is authorized to correct its sentence within 'fourteen days of orally announcing the judgment.'" *United States v. Herd*, Civ. A. No. 18-00596, 2021 WL 82256, at *2 (D.N.J. Jan. 8, 2021) (quoting *United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016)). "[T]he filing of a notice of appeal under [Federal] Rule [of Appellate Procedure] 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)," nor does filing a motion under Rule 35(a) "affect the validity of a notice of appeal filed

4

before entry of the order disposing of the motion." Fed. R. App. P. 4(b)(5). However, if more than fourteen days have passed since the defendant's sentencing, the district court lacks jurisdiction to correct the sentence pursuant to Rule 35(a). *See Herd*, 2021 WL 82256, at *2 (citing *James*, 639 F. App'x at 836 (citing cases where the district court lacked jurisdiction after the Rule 35(a) time limit expired)).

Here, more than fourteen days have passed since Defendant's sentencing on June 26, 2024. Accordingly, this Court lacks jurisdiction to consider Defendant's Rule 35(a) motion. Rule 35(a)'s fourteen-day time limit is jurisdictional, "such that a district court lacks authority to act under the Rule outside this period." *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010); *see also United States v. Abreu*, Civ. A. No. 20-00642, 2023 WL 2932590, at *1 (D.N.J. Apr. 13, 2023) (noting Rule 35(a)'s "time limitation is jurisdictional and [] is interpreted strictly" (citing *United States v. Higgs*, 504 F.3d 456, 463 (3d Cir. 2007)); *Herd*, 2021 WL 82256, at *2. Further, Federal Rule of Criminal Procedure 45(b)(2) provides district courts "may not extend the time to take any action under Rule 35[.]" Fed. R. Crim. P. 45(b)(2).

Therefore, Defendant's Letter Motion to Correct His Sentence, pursuant to Rule 35(a), is **DENIED** for lack of jurisdiction. *See United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020); Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

### C. Defendant's Letter Motion to Unseal All Documents

Defendant filed a letter motion requesting the Court unseal all sealed documents filed on the docket in this matter because he argues there is no need for these documents to remain under

seal. (ECF No. 450.) Defendant also states "there are no findings to seal any documents[.]" (*Id.* at 1.)

The Government opposes Defendant's letter motion to unseal all documents in this matter as improperly overbroad and in violation of the rules against disclosing personally identifiable information ("PII"). (ECF No. 452 at 1.) The Government states certain documents in this matter were sealed "principally to guard against the improper disclosure of [PII], prohibited under both the Federal Rules of Criminal Procedure (49.1) and the local rules (5.2)." (*Id.*) The Government contends the Local Rules in particular "specifically caution[] that extra care must be exercised in connection with documents disclosing '[i]nformation regarding the victim of any criminal activity.'" (*Id.* (second alteration in original) (citing L. Civ. R. 5.2(17)).) The Government argues these privacy concerns were particularly acute here because Defendant "has displayed a consistent disregard for those rules, having disclosed specific residence information beyond that which is allowed," and "publicizing the personal telephone numbers of his sex worker victims[.]" (*Id.* at 1–2 (citing ECF Nos. 392, 450).)

However, the Government acknowledges Defendant has been convicted at trial in an open proceeding during which details about Defendant's crimes became publicly available. (*Id.* at 2.) Accordingly, the Government proposes a procedure for identifying which sealed docketed documents can be unsealed and which may need to remain under seal for which the parties can provide any appropriate redactions. (*Id.*[7]) The Government further notes that notwithstanding

---

[7] The Government's proposal is as follows:

- ➤ [Defendant] identifies for his stand-by counsel the specific documents he believes no longer should remain under seal;
- ➤ Stand-by counsel sends those documents, with proposed redactions consistent with the rules, to the Government for review;

Defendant's pending appeal, the Court retains jurisdiction to address these sealing issues as "making redacted copies of f[i]lings available on the docket is a type of order regarding the record on appeal, which this Court may continue to issue." (*Id.* (citing *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994)).) The Government submits the Court should deny Defendant's motion and instead order Defendant's standby counsel and the Government to follow the procedure it proposed "so appropriately redacted copies of sealed documents can be made available on the docket." (*Id.* at 3.)

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *United States v. Banks*, 674 F. App'x 121, 124 (3d Cir. 2017) (quoting *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985)). However, a district court "retains jurisdiction to issue orders with reference to the record on appeal[.]" *Venen*, 758 F.2d at 121 n.2 (3d Cir. 1985) (citing Fed. R. App. P. 10 & 11).

Here, the Court finds it lacks jurisdiction to consider Defendant's Letter Motion to Unseal because Defendant filed this motion after he filed his Notice of Appeal, which divested this Court of its jurisdiction. (*See* ECF Nos. 450, 451); *see also United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (finding no error in district court's denial of defendant's motion to unseal based on lack of jurisdiction, stating the district court lacked jurisdiction at the time defendant filed his

---

> ➢ The Government reviews those proposed redactions and, to the extent necessary, reaches agreement with stand-by counsel on any others that are required;
> ➢ The parties submit their joint proposed redacted documents to the Court for its review with an appropriate stipulation that they be added to the docket in lieu of the ones that remain completely sealed.

(ECF No. 452 at 2.)

motion to unseal because he filed it *after* he filed his notice of appeal with the Third Circuit Court of Appeals). Additionally, notwithstanding that courts can "issue orders with reference to the record on appeal" while an appeal is pending, here the Third Circuit will have access to the record on appeal whether or not certain documents are sealed.

Therefore, Defendant's Letter Motion to Unseal All Documents is **DENIED** for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, Defendant's Letter Motion requesting he be able to represent himself for all forfeiture-related matters (ECF No. 447) is **DENIED AS MOOT**; Defendant's Letter Motion to Correct His Sentence, pursuant to Federal Rule of Criminal Procedure 35(a) (ECF No. 449) is **DENIED** for lack of jurisdiction; and Defendant's Letter Motion to Unseal All Documents (ECF No. 450) is **DENIED** for lack of jurisdiction. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 25, 2024

8